## IN RE WELLCOME.

[No. 1,401.]

[Submitted June 1z, 1899.   Decided July 12, 1899.]

*Attorney — Disbarment — Accusation — Bribery and Conspiracy — Crimes Committed Outside of Official Capacity — Jurisdiction of Court.*

1. Where an accusation preferred by a private person in a disbarment proceeding, is for a cause named in Code of Civil Procedure, Section 402, Subdivision 5, providing that an attorney and counselor who is guilty of deceit, malpractice, crime, or misdemeanor arising after his admission to practice, may be removed or suspended, an objection that such accusation is preferred by a person not authorized by law to inform the court of the matters therein charged, is without merit.
2. Proceedings under the fifth subdivision of Section 402 of the Code of Civil Procedure, may be instituted and maintained in the same manner as may those brought under the other subdivisions of said section.
3. Charges in an accusation against an attorney, in disbarment proceedings, which are indefinite, vague, as well as uncertain, will, on motion, be stricken out.
4. Under Code of Civil Procedure, Section 402, Subdivision 5, providing that an attorney who is guilty of any deceit, malpractice, crime, or misdemeanor arising after his admission to practice may be removed or suspended, the jurisdiction of the court is not confined to crimes or misdemeanors committed by an attorney while acting in his official capacity.
*Obiter:* Bribery and conspiracy are heinous crimes involving moral turpitude, and the perpetration thereof by an attorney proves his unfitness to practice the honorable profession of the law.
5. Under Code of Civil Procedure, Section 402, Subdivision 5, providing that an attorney and counselor who is guilty of any deceit, malpractice, crime, or misdemeanor, arising after his admission to practice, may be removed or suspended, it is discretionary with the court whether it will exercise its jurisdiction to remove or suspend an attorney in such cases, and, where the accused is charged with bribery and conspiracy, the court will refuse to inquire into the truth of the charges, unless cogent reasons be furnished by the accusation, or by a showing in support of it, why jurisdiction should be entertained in advance of a criminal prosecution and conviction.

PETITION to disbar John B. Wellcome.   Dismissed.

*Mr. C. B. Nolan, Attorney General, amicus curiæ.*

*Mr. Wm. Wallace, Jr., Messrs. Carpenter & Carpenter,* and *Mr. J. B. Roote,* for Wellcome.

PER CURIAM.—On the 5th day of May, 1899, there was presented to this Court an accusation in writing, verified by the oath of one Fred. Whiteside, charging John B. Well-

come, an attorney and counselor at law of the courts of Montana, with having bribed, and offered to bribe, certain members of the Sixth Legislative Assembly of the State to vote for one William A. Clark, of Butte, a candidate for the office of Senator of the United States from Montana. It is, in substance, alleged, among other things, that Wellcome paid to the members named in the accusation the sum of $120,000; that he bribed other members, whose names are not given, because at present unknown to the affiant, to support Clark, by paying to them large sums of money; that he conspired with other persons named to secure, by the corrupt use of money, the election of members of the Legislature who would favor the candidacy of Clark, and to influence the official action of the members in voting for a Senator; and that, by means of said briberies, Clark was chosen Senator. The object of the proceeding is to have the accused disbarred, and his name stricken from the roll, upon the ground that the acts charged are crimes, and were committed with the corrupt and wicked purpose of influencing the action of the Legislature in favor of the candidacy of Clark, and that such conduct is incompatible with the dignity and honor of the profession of the law, and proves the unfitness of Wellcome to remain a practitioner. The accused has answered by filing objections to the sufficiency of the accusation (Section 423, Code of Civil Procedure), in which he asks that certain parts be stricken out as uncertain, indefinite, vague, and ambiguous, and by which he moves the dismissal of the accusation because: (1) it is not preferred by any person by law authorized to prefer such charges; (2) the Court has no power to consider charges looking to the disbarment of an attorney of this Court where the accusation is based upon alleged felonies or misdemeanors involving moral turpitude not committed while acting in his official capacity as an attorney; (3) the Court has no jurisdiction in a proceeding of this kind to adjudge an attorney guilty of a crime not perpetrated while acting in his official capacity; (4) the accusation is in particulars specified vague, ambiguous, unintelligible, uncertain, and indefinite.

So much of Section 402 of the Code of Civil Procedure as concerns this proceeding reads: "An attorney and counselor may be removed or suspended by the Supreme Court or by the district courts of the state, for either of the following causes, arising after his admission to practice: (1) His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence. (2) Willful disobedience or violation of an order of the court requiring him to do or forbear an act connected with, or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney and counseloi. (3) Corruptly or willfully and without authority appearing as attorney for a party to an action or proceeding. (4) Lending his name to be used as attorney and counselor by another person who is not an attorney and counselor. (5) Who is guilty of any deceit, malpractice, crime or misdemeanor."

1. There is no merit in the objection that the accusation, which is for a cause named in the fifth subdivision of section 402, is preferred by a person not authorized by law to inform the court of the matters therein charged. True, Section 418 of the Code of Civil Procedure, in providing that proceedings under the second, third or fourth subdivisions of Section 402 may be taken by the court for matters within its knowledge, or may be taken upon information of another, omits reference to the fifth subdivision; yet subsequent sections, notably sections 420 and 428, contemplate that accusations may be brought for the causes mentioned in the fifth subdivision; and, in any event, the mere failure expressly to prescribe the medium through which the court may be informed of conduct constituting cause sufficient for disbarment or suspension will not be permitted to deprive the court of the right to adopt some appropriate method enabling it to take cognizance of the offenses denounced. It is not reasonable to presume that the legislature solemnly enacted a law, and then intentionally sought to destroy its efficacy and force by omitting to provide a remedy. We think the proceedings under

the fifth subdivision may be instituted and maintained in the same manner as may those brought under subdivisions 2, 3 and 4.

2.   So much of the accusation as charges a conspiracy to secure by the corrupt use of money the election of members of the legislature who would be favorable to Clark, and also that part of the accusation alleging that Wellcome and his co-conspirators paid out large sums of money to aid in the election of such members, with the understanding that the money should be used corruptly to influence the action of the electors at the polls in voting for such members, are severally indefinite and vague, as well as uncertain.   The motion to strike is granted as to these averments, which are made in the first and second paragraphs of the sixth division of the accusation; in other respects the motion is denied.

3.   We are of the opinion that the design of the legislature in enacting the first subdivision of section 402 was to make it incumbent upon the court to remove an attorney and counselor upon receipt of a certified copy of the record of his conviction in this state, subsequently to his admission to the bar, of either a felony or misdemeanor involving moral turpitude, whether such felony or misdemeanor was committed while acting in his official capacity or not.   (Sections 417, 418, Code of Civil Procedure.)   In such case, the court has no discretion, but must adjudge that the name of the offending attorney be stricken from the roll, and that he be precluded from practicing in any of the courts of the state (Section 428, Code of Civil Procedure; In re Bloor, 21 Mont. 49, 52 Pac. 779); and it seems immaterial whether the felony was perpetrated before or after his admission to practice.   On the other hand, under the section last cited (428), if an attorney be found guilty of an act falling within the purview of subdivision 5, the judgment may be either removal or suspension, according to the gravity of the offense charged.   This subdivision does not make conviction a prerequisite to the removal or suspension of the offender, nor does it require that the crime or misdemeanor must be one involving moral turpitude; neither is

its operation limited to offenses committed in the state, nor is it confined to crimes or misdemeanors committed by an attorney while acting in his official capacity. Dueling, and accepting or sending a challenge to fight a duel, are denounced as felonies, but moral turpitude is not necessarily involved in either. Every libel is declared to be a misdemeanor, but not every libel involves moral turpitude; and so with many other offenses. It is apparent that the court could not, under the first subdivision of Section 402, disbar an attorney upon inspection of the record of his conviction of any of the crimes named; nor would the court, in a proceeding brought for the cause stated in that subdivision, have the right to examine the evidence for the purpose of determining whether or not the circumstances of the particular case disclosed the presence of such turpitude; for moral turpitude must inhere in the nature of the crime, and not depend upon the ethical quality of the acts constituting such crime. But by virtue of Subdivision 5 the court is empowered, not commanded, to remove or suspend in such cases, according to the gravity of the offense as shown by the proofs adduced. Subdivision 1 has to do with public offenses necessarily involving moral turpitude, of which convictions are had in the courts of Montana, and to none other; whereas, Subdivision 5 is broad enough in its language, and sufficiently comprehensive in substance, to embrace all public offenses, wheresoever committed, by attorneys, and to clothe the court with jurisdiction of an accusation imputing to an attorney the commission of any crime or misdemeanor wherever the offense of itself involves, or the circumstances of its perpetration reveals the existence of, moral turpitude, or the facts attending it evince such gross misconduct as exhibits his unfitness to remain in the profession. The fifth subdivision, notwithstanding its ungrammatical construction, seems to have been enacted *ex industria*, to the end that the court may purge the bar of those attorneys whose characters, as illustrated by the evidence establishing the truth of the charges preferred, lack the attributes of morality which are an essential to admission,

and which should be required as a continuing condition of the right to practice.

Bribery of a member of the Legislature is a felony. (Title VI, Part 1, Penal Code [Sec. 160 *et seq.*]) If the accused be guilty of the conspiracy and many briberies charged against him in this proceeding, it is manifest that he has perpetrated heinous crimes involving moral turpitude, thereby proving his unfitness to practice the honorable profession of the law.

Whether this Court will exercise its jurisdiction in cases of crime or misdemeanor falling within the purview of Subdivision 5 is discretionary. Unless cogent reasons be furnished by the accusation, or by a showing in support of it, why jurisdiction should be entertained in advance of a criminal prosecution and conviction, we shall refuse to act. The presumption is that the ordinary machinery of trial courts will be adequate for the investigation and determination of such cases, and it is but just and fair to the accused that the usual proceedings be employed and exhausted before bringing the matter here. That such a rule should guide the Court is apparent, when we reflect upon the result of holding otherwise. This member of the bar might be charged with manslaughter; another with gambling in his own home; that one with assault with intent to do great bodily harm; another with making a bet on the result of an election; another with killing a deer out of season; another with renting a building knowing that it is to be used for a lottery drawing; another with having given intoxicating liquors to a person who is in the habit of getting drunk or intoxicated; another with knowingly permitting Canada thistles to go to seed upon lands under his control. Thus the calendar of the Supreme Court might be crowded with accusations against lawyers, not for wrongs done while acting in their professional capacities, but who may have violated the Penal Code of the State in other respects, yet who may not have been officially charged with crime. The accusation before us states nothing suggesting a reason why Wellcome cannot be prosecuted, and, if guilty, convicted, upon the very charges the truth of which this Court

is asked to try and determine. We decline to inquire into the truth of the charges, and place our refusal on the ground that the accusation fails to state any facts warranting the exercise of the jurisdiction sought to be invoked, which should be exerted in extraordinary cases only, and even then sparingly.

The objections to the sufficiency of the accusations are overruled. The attorney general, who appears as *amicus curiœ*, may, if he desires, within five days, amend the accusation, or file affidavits disclosing grounds for the interposition of this Court, or both, and the accused will answer to the accusation within five days after service upon him or his attorneys of record of a copy of such amendment or affidavits. In default of the filing of such amendment or affidavits, the proceeding will be dismissed.