## SCHNEIDER et al. v. REPUBLIC SUPPLY CO.

No. 17164—Opinion Filed Nov. 9, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Judgment—Estoppel by Judgment—Identity of Parties.**

For a judgment to be an estoppel, there must be an identity of parties. as well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action.

**2. Bills and Notes—Action Against Portion of Joint Makers and Indorsers no Bar to Further Proceedings Against Other Obligors.**

The common-law rule governing the enforcement of joint obligations and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint maker has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and several until such presumption is in some manner overcome; and unless such presumption is overcome, any one or more of the joint makers of the promissory note, and indorsers and guarantors thereon, may be proceeded against severally without prejudice to the rights of the holder against other parties.

**3. Partnership—Execution of Renewal Note by Partner Binding on Firm.**

Under the provisions of section 8119, C. O. S. 1921, a partnership obligation executed by one partner without the knowledge or

consent of the others binds the firm and each general partner if the obligation so executed is within the reasonable conduct of the partnership business, and the execution and delivery of a promissory note as a renewal of the firm obligation already outstanding and due, upon which liability is admitted, is a transaction within the scope of the business of the partnership.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Republic Supply Company against J. G. Schneider et al. upon a promissory note. Judgment for plaintiff, and defendants appeal. Affirmed.

Richard A. Billups and C. R. Reeves, for plaintiffs in error.

Twyford & Smith, for defendant in error.

Opinion by FOSTER, C. The plaintiffs in error were defendants, and the defendant in error was plaintiff in the trial court, and they will be hereinafter designated as they appeared in that court.

This appeal is prosecuted by the defendants to reverse judgment of the district court of Oklahoma county rendered against them in favor of the plaintiff upon a promissory note in the sum of $2,719.93. The note was signed by Washita Ranger Oil Company, by its treasurer. J. B. Bohlen, made payable to the plaintiff, the Republic Supply Company.

It was charged in plaintiff's petition that the Washita Ranger Oil Company was a copartnership composed of various individuals named as defendants therein, by whose authorized agent, J. B. Bohlen, the note was, on the 16th day of April, 1921, executed and delivered to the plaintiff, due 30 days thereafter.

The answer of the defendants contained a general denial of the allegations contained in the plaintiff's petition, a specific denial of the existence of a partnership and of the authority of J. B. Bohlen to execute the note sued on, and further pleaded that there had been a judgment rendered on the 12th day of April, 1922, by the district court of Washita county. upon the identical note set out in plaintiff's petition, in which action the matters in controversy had been finally adjudicated, and that the judgment there rendered constituted a bar to plaintiff's action.

The cause was tried to the court without the intervention of a jury. and resulted in

a judgment in favor of the plaintiff and against the defendants for the amount sued for. From this judgment and from an order overruling their motion for a new trial, the defendants appeal to this court for review. The specifications of error relied on by the defendants for a reversal of the judgment are presented under three propositions as follows:

"(1) The judgment rendered in the district court of Washita county on the identical note sued on in this case is a complete bar to this action, and the defendant in error is estopped from further litigating same."

"(2) Judgment having been rendered in Washita county against the Washita Ranger Oil Company, J. B. Bohlen, and Dr. A. Weber, the claim became merged in judgment and is extinguished and cannot be the basis of a second suit."

"(3) Agency when denied under oath must be clearly established by the party alleging same."

We shall consider these propositions in their order. The record discloses, and it is not seriously disputed, that the Washita Ranger Oil Company, a copartnership composed of some 60 members, purchased in the years 1920 and 1921 from the plaintiff, on open account, a quantity of oil well supplies and equipment. On the 16th day of April, 1921, there remained a balance unpaid on the open account of $2,719.13. which was converted into a promissory note, signed by the Washita Ranger Oil Company, by J. B. Bohlen as treasurer; indorsed on the back by Dr. A. Weber and J. B. Bohlen, as president and treasurer of the Washita Ranger Oil Company, and also indorsed by them individually, and delivered to the plaintiff due and payable 30 days thereafter. On the 12th day of April, 1922, the plaintiff, Republic Supply Company, instituted its action in the district court of Washita county against the Washita Ranger Oil Company as a joint stock association, J. B. Bohlen, and Dr. A. Weber, president and treasurer of said association, as indorsers on said note, and on the 7th day of December, 1922, thereafter, recovered a judgment in that court against Washita Ranger Oil Company, a joint stock association, J. B. Bohlen, and Dr. A. Weber, jointly and severally, in the sum of $2,719.93, with interest and attorneys' fees added.

After the rendition of this judgment in Washita county, the plaintiff. Republic Supply Company, on April 27, 1923, filed therein its motion to make additional parties defendant which included the defendants in the instant case. On May 26. 1923. this

motion was withdrawn by the plaintiff. On May 25, 1923, it instituted the instant case in the district court of Oklahoma county against the Washita Ranger Oil Company as a copartnership composed of more than 60 individuals, whom it named as defendants in the action, seeking a recovery upon the promissory note which formed the basis of its action in Washita county.

The findings of the trial court, to the effect that the defendants and each of them were copartners under the trust agreement introduced in evidence, clearly established the status of the Washita Ranger Oil Company as a copartnership at the time the action in Washita county was instituted, and not a corporation or joint stock association. If, in that action, an attempt had been made to sue the copartnership and to obtain a judgment against the Washita Ranger Oil Company as a copartnership, then a judgment rendered in that proceeding on the same promissory note here sought to be recovered on would undoubtedly constitute a bar to the instant action.

If it be conceded that the plaintiffs in the instant action obtained a judgment in the district court of Washita county against the Washita Ranger Oil Company as a copartnership upon the identical note which is the subject of the instant action, then the liability of the defendants under the contract would undoubtedly merge in the judgment, and the judgment would constitute a bar to another action subsequently brought on the same obligation. But we are unable, from the record here presented, to say that the plaintiff ever obtained a judgment in any court prior to the rendition of the judgment in its favor in Oklahoma county against the Washita Ranger Oil Company as a copartnership.

The judgment obtained in Washita county, shown in the record, did not result from an action brought against the defendants in the instant case as copartners under the name of the Washita Ranger Oil Company, because there was no attempt to join the defendants here named in that action as members of the copartnership. On the other hand, the only members of the copartnership named in that action were joined as defendants by virtue of their indorsement of the note executed by Washita Ranger Oil Company as a joint stock association. Whatever may have been the legal capacity or lack of legal capacity of the Washita Ranger Oil Company as a joint stock association to sue and be sued in the action brought in Washita county, it is clear that the defend-

ants in the instant case were not parties thereto in the capacity in which they are impleaded in the instant case.

In the instant case they are made parties in their individual capacity, as contemplated by the rule announced in Cox v. Gille Hardware & Iron Co., 8 Okla. 483, 58 Pac. 645.

The general rule applicable to the situation presented in the instant case is stated in 15 R. C. L. page 1012, as follows:

"It is a well-established principle that a former judgment does not have the effect of res judicata and is not admissible as conclusive evidence of a material fact therein adjudicated unless the second suit is not only between the same parties but between them in the same right or capacity. * * *"

Again in Lamar Co. v. Talley (Tex. Civ. App.) 127 S. W. 272 (affirmed in 104 Tex. 295, 137 S. W. 1125), the Texas Court of Civil Appeals stated the rule as follows:

"For a judgment to be an estoppel there must be an identity of parties, as well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties in such former action."

See, also, Billings v. Finn (Cal.) 202 Pac. 938; DeWatteville v. Simms, 44 Okla. 708, 146 Pac. 224; Alfrey v. Colbert, 44 Okla. 246, 144 Pac. 179.

The argument of defendants under the second proposition is that judgment having been rendered in Washita county against J. B. Bohlen, admittedly a partner with the other defendants named in the instant action, and bound jointly with the other defendants by the contract, it is a bar to the action against the other obligors on the theory that where a separate judgment is obtained against several persons jointly bound by contract, the original contract thereby merges in the judgment and is extinguished. The infirmity in this argument is that it overlooks the fact that the liability of J. B. Bohlen and Dr. A. Weber in the Washita county action was predicated upon their liability as indorsers of the note there in suit.

The petition in the Washita county action, among other things, contained the following:

"* * * And at the same time and as a part of the same transaction said note was duly indorsed by J. B. Bohlen, treasurer, and Dr. A. Weber, president, whereby they became liable and bound to pay said sum therein specified."

If, in the Washita county action, the liability was sought to be established against Weber and Bohlen as indorsers of the note there in suit, then, under the law merchant and decisions generally, the liability of Bohlen and Weber was not joint, but joint and several, and a judgment against one or both of them would not destroy the liability of the other parties to the note.

As was said in Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642:

"The common-law rule governing the enforcement of joint obligations and making a judgment against one or more joint makers of a promissory note a bar to further proceedings against the other joint maker has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and several until such presumption is in some manner overcome; and unless such presumption is overcome any one or more of the joint makers of a promissory note may be proceeded against severally without prejudice to the rights of the holder against other makers."

Section 7738, C. O. S. 1921, provides:

"* * * Joint payees or joint indorsers who indorse are deemed to indorse jointly and severally."

And section 222, C. O. S. 1921, provides:

"Persons severally liable upon the same obligation or instrument including the parties to bills of exchange and promissory notes and indorsers and guarantors, may all or any of them be included in the same action at the option of the plaintiff."

The argument of defendants under their third proposition, that the authority of J. B. Bohlen to execute the note on behalf of the other defendants, having been denied under oath, was not established by the evidence, is, we think, without merit.

The trial court specifically found that the partnership existed among the various defendants under and by virtue of the trust agreement introduced in evidence and the certificates held by the defendants thereunder. The defendants do not criticize this finding or contend that it is not supported by the evidence in the case, and it must therefore be regarded as binding on them.

The defendant, Bohlen, in his testimony, admitted in effect that he was a stockholder in the company, as well as trustee and treasurer, as appears from the following testimony:

"Q. Nobody raised any objection to your signing this note on their behalf? A. No, I don't think they did. Q. None of the stockholders? A. I do not think any of the other

stockholders knew anything about it until suit was brought against us."

It further appears that Bohlen received the goods for the company and finally executed the note in their behalf therefor.

In these circumstances Bohlen will be regarded as a general agent for the partnership in the transaction of its business with authority to carry on its business in the ordinary manner and to bind his copartners by an agreement in writing. Section 8119. C. O. S. 1921. Chapek v. Creek Valley Bank, 19 Okla. 80, 91 Pac. 1129.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. pp. 756, 757, §1165; p. 984. §1405; 15 R. C. L. p. 1012; 3 R. C. L. Supp. p. 521; 4 R. C. L. Supp. p. 1032. (2) 8 C. J. p. 1003, §1308; 34 C. J. p. 978, §1396; 3 R. C. L. p. 1140; 1 R. C. L. Supp. p. 998. (3) 30 Cyc. pp. 504, 506, 515.