BUTTERICK CO., Inc., v. MOLEN et al.

No. 32297. Dec. 23, 1946.

*175 P 2d 311.*

A. J. Welch, of Clinton, for plaintiff in error.

Jones & Wesner, of Cordell, for defendants in error.

DAVISON, J. On May 25, 1943, we rendered an opinion in Butterick Co., Inc., v. Molen, 192 Okla. 602, 138 P. 2d 89. The facts therein were as follows: Butterick Co., Inc., brought suit against James I. Molen, Tom Sowell, and S. L. Molen to recover a balance alleged to be due upon account for goods, wares and merchandise which had been sold and delivered pursuant to written contract. The contract was signed by "Molen Bros., by Tom Sowell." The defendants denied that the contract was their individual contract and alleged that it was the contract of a corporation of which Tom Sowell was secretary, treasurer and manager, and the other defendants were president and vice president, respectively. The trial court found that the contract involved was that of the corporation (Molen Brothers Dry Goods Company) and not that of the defendants individually. Judgment was rendered against the corporation in accordance with such finding. On appeal the lower court's finding was affirmed.

Thereafter, Butterick Co., Inc., on June 28, 1943, filed an action in the district court of Washita county against James I. Molen, S. L. Molen and Tom Sowell, as individuals and as trustees for the creditors of Molen Bros. Dry Goods Company, a corporation. This action was for a money judgment for merchandise sold to the corporation. It was alleged said corporation had forfeited its charter in 1939, that the named defendants were its sole and only stockholders, directors and officers, and that defendants had wrongfully dissipated the assets of the corporation. Defend-

ants answered, denying allegations of plaintiff's petition, and asserted the action was barred by the statute of limitations, and pleaded res judicata and estoppel by judgment.

Upon defendants' motion for judgment on the pleadings the trial court pronounced judgment for defendants and dismissed plaintiff's action with prejudice, declining to make findings of fact and conclusions of law as requested. From this judgment the present appeal was taken.

The first and principal specification of error to be considered is whether or not the trial court erred in sustaining defendants' plea of res judicata. Both parties agree this is the main issue and so treat it.

In order for res judicata to be applicable, this court has held that there must be a concurrence of four conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

In the first paragraph of the syllabus in Schneider v. Republic Supply Co., 123 Okla. 98, 252 P. 45, we said:

"For a judgment to be an estoppel, there must be an identity of parties, as well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action."

Therein, the Washita Ranger Oil Company, a copartnership, had made purchases from plaintiff, Republic Supply Company, on open account. The unpaid balance was converted into a note signed by Washita Ranger Oil Company by J. B. Bohlen as treasurer, and indorsed on back by Dr. A. Weber and J. B. Bohlen as president and treasurer. Suit was brought on the note in the district court of Washita county against Washita Oil Ranger Company, a joint-stock association, resulting in judgment for plaintiff.

Subsequently, the Republic Supply Company filed suit in the district court of Oklahoma county seeking to recover on the note which was the basis of its action in Washita county. The petition alleged, however, that the note was that of the Washita Ranger Oil Company, a copartnership. Defendants in their answer pleaded that there had been a previous judgment rendered by the district court of Washita county and that said judgment constituted a bar to plaintiff's action. The district court of Oklahoma county rendered judgment for plaintiff, and on appeal defendants urged as their first proposition:

"The judgment rendered in the district court of Washita county on the identical note sued on in this case is a complete bar to this action, and the defendant in error is estopped from further litigating same."

In answer to this assertion we said:

". . . Whatever may have been the legal capacity or lack of legal capacity of the Washita Ranger Oil Company as a joint-stock association to sue and be sued in the action brought in Washita county, it is clear that the *defendants in the instant case were not parties thereto in the capacity in which they are impleaded in the instant case.*" (Emphasis ours.)

And applied the following rule, as stated in 15 R.C.L. 1012:

"It is a well established principle that a former judgment does not have the effect of res judicata and is not admissible as conclusive evidence of a material fact therein adjudicated unless the second suit is not only between the same parties but between them in the same right or capacity."

In applying this rule to the case at bar, we observe that the first time the action was tried it was against the three named individuals; the present action is against the same individuals but in a different capacity, that is, as trustees for the creditors of the Molan Bros. Dry Goods Company, a corporation.

Furthermore, the liability of the defendants in the capacity of trustees was not passed upon in our former opinion. We therein said:

"The remaining contentions made by the plaintiff present new and different theories from those which were involved and presented in the trial court. However applicable the authorities cited under the doctrine and rules of equity mentioned and the statutory provisions relative to liability of officers and directors of corporations and the rights and remedies of persons where sale has been made in violation of the bulk sale law may be, they are wholly foreign matters presented by this appeal. . . ."

It is obvious that in these two proceedings parties defendant have been sued in different capacities and that their liability, if any, in the second suit and second capacity has never been determined.

In the second specification of error it is asserted that the trial court erred in not rendering judgment on the pleadings for plaintiff. This contention is without merit. A motion for judgment on the pleadings is in the nature of a demurrer to the pleadings to which it is directed, and also exercises the functions of a motion in its application for an order for judgment. But such motion cannot be sustained where there are issues of fact to be determined. Peck et al. v. First National Bank of Claremore, 50 Okla. 252, 150 P. 1039; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887.

An examination of the pleadings herein reveals that a material issue of fact has been raised, that is, whether or not defendants contracted for merchandise, which was delivered, accepted and not paid for, for which payment they are now liable. Their liability, if any (and in what capacity), can only be determined by a trial upon the merits.

Another specification of error to be considered in connection with the preceding one is the alleged error of the trial court in refusing to admit evidence, and consider same, under the following reciprocal agreement as admittedly executed by the parties:

"The parties hereto agree that each party may offer as evidence in this case, at any time, upon the trial of any question of law or fact, any or all of the pleadings, files and records in the case of Butterick Co. v. Molen et al., case No. 6944, in the district court of Custer county, Oklahoma, used in the trial of said cause in said court and on appeal in the Supreme Court, where the judgment of the trial court was affirmed, without any formality of proof of identification thereof, the only reservation being that either party may object to the same upon the grounds of incompetency, irrelevancy and immateriality."

We are of the opinion that the trial court properly construed the above agreement. As will be noticed, it related only to the "offer" of pleadings, files and records without formality of proof or identification, with reservation of right to object. Apparently plaintiff in error was attempting to settle any issue of fact and establish his case by consideration of the testimony in the former trial. This testimony was properly excluded and there remain questions of fact to be determined, so plaintiff in error is therefore not entitled to judgment on the pleadings on this phase of the case.

This action, being one upon written contract, is governed by 12 O.S. 1941 § 95 (1). Having been filed within the allowable period of five years, it is not barred by the statute of limitations.

The complaint of plaintiff in error concerning the refusal of the trial court to make findings of fact and conclusions of law need not be considered.

Reversed and remanded for a new trial consistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, CORN, and ARNOLD, JJ., concur.