Robert SMITTLE, Plaintiff in Error,

v.

Glen EBERLE, Defendant in Error.

No. 38790.

Supreme Court of Oklahoma.

May 31, 1960.

Rucker, Tabor & Cox, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Greer & Greer, Jefferson G. Greer, Frank A. Greer, Tulsa, for defendant in error.

BERRY, Justice.

Danny Eberle was injured in a motor vehicle collision involving an automobile in which Danny was a passenger and one operated by Robert Smittle.

Glen Eberle, as father and next friend of Danny, a minor, instituted action Numbered 93,081 in the District Court of Tulsa County, Oklahoma, against Robert Smittle to recover damages in Danny's behalf because of Smittle's alleged negligence in causing the automobile collision.

The case, which was tried to a jury, resulted in a verdict and judgment thereon in Smittle's favor. This judgment was permitted to become final.

Glen Eberle instituted the instant action in his behalf to recover damages in the amount of $10,000 against Smittle because of Smittle's alleged negligence in causing the automobile collision which resulted in Danny's injuries. Of the damages claimed, $1,181.15 was alleged to be medical and surgical expense that Glen Eberle paid because of Danny's injuries and the balance was claimed as damages for loss of Danny's services.

The instant case was tried to a jury. The jury returned a verdict in Glen Eberle's favor in the amount of $2,750 and judgment was rendered on the verdict against Smittle in said amount. From order denying Smittle's motion for new trial, he appeals.

Prior to trial of the present action, Smittle filed a "Motion To Dismiss" in which he alleged in substance that the verdict and judgment rendered in No. 93,081 in Smittle's favor "acts as an estoppel by judgment or verdict in the present case"; that said case involved issues identical to those involved in the instant case. (It is not contended that Glen Eberle by this action endeavors to recover damages which Danny either sought or was entitled to recover in No. 93,081.) The motion to dismiss was denied prior to trial of this action.

The only issue presented by this case is whether the verdict and judgment in No. 93,081 operated to estop Glen Eberle from maintaining the action before us. In support of his contention that such is the case, Smittle cites and relies primarily upon Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790, and Wilkey v. Southwestern Greyhound Lines, Inc., et al., Okl., 322 P.2d 1058. Smittle stresses the second paragraph of the syllabus to the last cited case which reads as follows:

"Where, on the basis of the record in the action, whose verdict and judgment is claimed to operate as such estoppel, there can be no question but that same determined that, in the manner in which the accident occurred, the conduct of the defendants was not responsible therefor, said verdict and judgment bars plaintiff's recovery in the other actions, on the basis of defendants' same alleged torts, or acts of negligence."

In view of the fact that in the instant case Glen Eberle relies upon the same alleged acts of negligence on Smittle's part as were relied upon by Danny in his action, the quoted syllabus standing alone supports Smittle's position. It is settled law, however, that in order for a judgment in a prior action to serve as an estoppel in a subsequent action, the subject-matter of the actions must not only be the same but the parties to the actions must have appeared in the same capacity. The applicable rule is announced in the first paragraph of the syllabus to Schneider et al. v. Republic Supply Co., 123 Okl. 98, 252 P. 45 thus:

"For a judgment to be an estoppel, there must be an identity of parties, as

well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action."

See also Butterick Co., Inc., v. Molen et al., 198 Okl. 92, 175 P.2d 311.

In each of the cases first herein cited the plaintiff must be said to have appeared in the same capacity in the action in which a judgment was rendered that was asserted to constitute an estoppel in the subsequent action, for the reason and on the theory that a recovery in each instance would have inured to the direct benefit of the plaintiff. Did Glen Eberle appear in the same capacity in No. 93,081 as in the instant action? We are of the opinion that the posed question must be answered in the negative.

This is said in 39 Am.Jur., Sec. 83, p. 728:

"A parent suing for consequential damages resulting to himself from a negligent injury to a minor child is not bound by a judgment rendered in a prior action brought by the child. He is not regarded in law as either a party or a privy to such an action. This rule is not affected by the fact that the parent, as guardian or next friend, was actually the one who instituted the child's action; and in such a case, the parent is not estopped, either by the bringing of the action or by any judgment rendered therein, from afterward recovering in his own right for his expenses and loss of the child's services. * * *"

See also 50 C.J.S. Judgments § 804, p. 349.

An annotation bearing directly on the issue presented by this appeal will be found in 116 A.L.R. 1087–1093. We quote a portion of the comments of the annotator:

"It is a general rule, sustained by numerous authorities, that a parent who appears as next friend, guardian, or guardian ad litem of his minor child, in an action to recover for the benefit of the infant the damages properly belonging to the latter, is not estopped or precluded from recovering in his own right, in another action, consequential damages sustained as a result of the infant's injuries or death (even though an adverse verdict may have been rendered against the infant), the reasons being that the parent in his representative capacity in the infant's action is only technically a party, and, moreover, that the causes of action are not the same."

As pointed out by Glen Eberle, the annotator cites cases from twenty-three jurisdictions as supporting the above quoted comment. One of the cases cited is Henry v. Missouri, K. & T. Ry. Co., 98 Kan. 567, 158 P. 857. In said case the court points out that a person prosecuting an action as the next friend of a minor is a nominal or use plaintiff, and that it is the minor and not the use plaintiff who is bound by the judgment.

In Title Guaranty & Surety Co. of Scranton, Pa. v. Burton, 67 Okl. 320, 322, 170 P. 1170, 1172, we said that "notwithstanding the minority of the plaintiff, it is her action, and the mere fact that the statute * * * requires such action to be brought by her guardian or next friend does not make her any the less the real party in interest." See also Missouri, O. & G. Ry. Co. v. Gentry, 31 Okl. 579, 122 P. 537.

We are of the opinion that in denying the motion to dismiss, the trial court did not err.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.