**ANCO MFG. & SUPPLY COMPANY, INC., and Travelers Insurance Company, Petitioners,**

**v.**

**A. R. SWANK, Jr., Judge of the Oklahoma State Industrial Court, Respondent.**

**No. 47059.**

Supreme Court of Oklahoma.

June 18, 1974.

**8**

Jerry H. Holland and Sanders, McElray & Carpenter, Tulsa, for petitioners.

James N. Khourie, Whitten, McDaniel & Osmond, Tulsa, for respondent.

IRWIN, Justice.

Petitioners, Anco Mfg. & Supply Company [ANCO] and its insurance carrier, seek a Writ of Prohibition prohibiting the State Industrial Court from further proceeding against them in Industrial Court Case No. D–62421. In that proceeding, Neoma P. Tiner (claimant), surviving spouse of James D. Tiner, Deceased, seeks Workmen's Compensation benefits for the death of her deceased husband.

Petitioners admit that decedent was a general employee of ANCO, but challenge the jurisdiction of the State Industrial Court on the theory that it had been judicially adjudicated in a previous action against a third party (which was adjudicated in favor of claimant as administratrix) that decedent was not *acting* as an employee of ANCO at the time he sustained his accidental injuries resulting in his death.

Decedent sustained accidental injuries in the State of Nebraska on December 5, 1968, when a fire occurred while he was helping to repair a ruptured pipeline belonging to Mid-America Pipeline Co., [MAPCO] and died as a result thereof on December 9, 1968. As Administratrix of the Estate of her deceased husband, claimant filed an action against MAPCO in the District Court, Tulsa County, to recover damages for the death of her husband. She subsequently filed her claim [Case No. D–62421] in the State Industrial Court, and this claim was held in abeyance. The district court action resulted in a judgment in favor of claimant, as Administratrix of her husband's estate. MAPCO appealed to this Court and that appeal was dismissed on joint application of the parties "because the judgment in the trial court has now been settled as is evidenced by the attached Release and Satisfaction of Judgment pre-viously filed in the District Court of Tulsa County."

Thereafter, claimant activated her Industrial Court claim. Petitioners filed a motion to dismiss on the grounds the State Industrial Court did not have jurisdiction because in the district court case it was specifically determined by the jury and the judgment rendered thereon that decedent was not acting as an employee of ANCO at the time he sustained his accidental injuries; that claimant is estopped and precluded from further litigating this issue in the State Industrial Court; and since it has been judicially adjudicated that decedent was not acting as an employee of ANCO at the time he sustained his injuries, the State Industrial Court does not have jurisdiction and Petitioners are entitled to the Writ of Prohibition.

The State Industrial Court overruled Petitioners' motion to dismiss and Petitioners filed this original proceeding seeking a Writ of Prohibition.

We will first consider the force and effect of the dismissal by this Court of MAPCO's appeal of the district court judgment on joint application of the parties in that action. Claimant contends that the dismissal removed any live controversy between the parties to that lawsuit and rendered all issues moot. In substance, claimant argues that dismissal of that appeal rendered ineffective or moot any issues litigated or adjudicated in that case.

In Stumpff v. Harper, 90 Okl. 195, 214 P. 709, and cited with approval in Morrison v. Board of Education of Ind. School Dist. No. 6 (1967), Okl., 424 P.2d 963, we held that when an appeal is dismissed by this Court, the effect is to affirm the judgment of the trial court.

The judgment in the district court action has become final and the issues therein adjudicated remain in force and effect and were not rendered moot by dismissal of the appeal by this Court. We will now consider whether Petitioners are entitled to the Writ.

A review of the district court case discloses that in the trial court's instructions to the jury it stated that "defendant, MAPCO, affirmatively alleges that whatever the circumstances at the time of the occurrence complained of herein it was liable to plaintiff under the Workmen's Compensation Laws of the State of Nebraska, in that at the time of the occurrence James D. Tiner was an employee either of the defendant, MAPCO, or of Anco Manufacturing and Supply Company, and that since its liability under the Workmen's Compensation Act of Nebraska is exclusive, plaintiff is barred from proceeding against it in this case."

In connection with the above defense asserted by MAPCO, the trial court instructed the jury that:

"You are instructed that if at the time of the fire James D. Tiner was an employee of the defendant, MAPCO, or was acting an an employee of ANCO, engaged on behalf of MAPCO in operations directed toward the repair of the rupture in, MAPCO's lines, the defendant, MAPCO's only liability to plaintiff would be under the·Workmen's Compensation Act of the State of Nebraska and plaintiff would not be entitled to any recovery at your hands in the case.

"You are further instructed, however, that the burden is upon defendant, MAPCO, to prove to you that at the time of the fire James D. Tiner was either an employee of MAPCO or ANCO as above stated, and that he did not go to the site of the leak in some other capacity."

In answer to interrogatories submitted to the jury, the jury found that James D. Tiner, at the time the fire occurred was not an employee of MAPCO and was not an "employee of Anco Manufacturing & Supply Company, which company had undertaken to assist in the repair of the rupture in MAPCO's lines."

ANCO contends that by the trial court's instructions and the jury's answer to the interrogatories, that in order for claimant to prevail in that case the jury had to find that decedent at the time of his injury was not acting as an employee of either ANCO or MAPCO.

In claimant's response brief, claimant admits that in answer to the interrogatories the jury did state that decedent was not the employee of either ANCO or MAPCO. However, claimant contends that the jury could have found that decedent was an employee of ANCO, but that he was injured by MAPCO while not engaged in an integral part of ANCO's business, and that MAPCO was liable in a third party action under the common law doctrine of negligence; and that the only necessary finding to uphold the jury's verdict was that decedent was not an employee of MAPCO.

The trial court did not instruct the jury concerning whether ANCO was or was not engaged in an integral part of its business while decedent was helping to repair MAPCO's ruptured pipe line, and this issue was not submitted to the jury in the interrogatories. Considering the trial court's instructions and jury's answer to the interrogatories, in order for claimant to recover in that action, it was necessary for the jury to find that decedent, at the time he sustained his accidental injuries, was neither an employee of MAPCO nor acting as an employee of ANCO, but that he went "to the site of the leak in some other capacity." These findings, which concerned particular facts, were essential to support the jury's verdict and the judgment rendered thereon. These essential facts were adjudicated in favor of claimant in her district court action against MAPCO.

In order for claimant to prevail in her Industrial Court case against ANCO, it will be necessary for her to prove that decedent's injuries and resulting death arose out of and in the course of his employment with ANCO. 85 O.S.1971, § 3(7). The proof necessary to support an award in her favor as prescribed by § 3(7), supra, would be totally inconsistent with one of the essential issues adjudicated in the district

court case, i. e., at the time decedent sustained his accidental injuries, he was not acting as an employee of ANCO.

Although the doctrine of preclusion against inconsistent positions in judicial proceedings, which is based upon the principle that a litigant should not be permitted, either by passive consent or by affirmative action, to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise [See 59 Harvard Law Review pages 1132–1142 (1945–1946) and Vol. IX Brooklyn Law Review, pages 245–262 (1940)] might have some relevancy in the case at bar, we frame the issue to be determined thusly:

"May the adjudication in favor of claimant that her deceased husband was not acting as an employee of ANCO at the time he sustained the accidental injury resulting in his death, which was essential to support claimant's judgment as administratrix, in her district court action against MAPCO, operate as an estoppel to bar claimant's claim for death benefits against ANCO in the Industrial Court case when ANCO was neither a party nor in privity with any of the parties in the district court action?"

Claimant contends that since ANCO was not a party or in privity with any of the parties in the district court action that judgment may not operate as an estoppel against her in her Industrial Court claim against ANCO. Claimant argues the applicability of the general rule expressed in Smittle v. Eberly (1960), Okl., 353 P.2d 121, wherein we held:

"Before a judgment will operate as an estoppel, there must be an identity of parties, as well as of the subject matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action."

The Smittle case and cases of similar import follow the traditional mutuality rule

that a stranger to a judgment, being not bound thereby, is not entitled to rely upon its effect as res judicata, including its effect as collateral estoppel. The primary thrust of plaintiff's contention is premised on the applicability of the mutuality rule in the case at bar.

31 A.L.R.3d 1044, contains an exhaustive annotation on "Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment." At page 1060 it is stated that an estoppel by judgment is mutual if both litigants are concluded by the judgment; the estoppel effect of the judgment operates mutually if the person taking advantage of the judgment would have been bound by it had it gone the other way; and the mutuality requirement is closely related to, and for all practical purposes coextensive with, the requirement of identity of parties or privity. At page 1048, it is stated:

"* * * as a general proposition, a judgment can operate as collateral estoppel only where all the parties to the proceeding in which the judgment is relied upon were bound by the judgment. The rule abandoning in whole or in part the requirement of mutuality of estoppel is sometimes referred to as the 'nonmutuality rule,' or the doctrine of 'unilateral estoppel.' The phrase 'defensive use' of the doctrine of collateral estoppel means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense. On the other hand, the phrase 'offensive use' or 'affirmative use' of the doctrine means that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim. In other words, defensively a judgment is used as a 'shield,' and offensively as a 'sword.' "

The Supreme Court of Kansas in Adamson v. Hill (1969), 202 Kan. 482, 449 P.2d 536, applied the mutuality rule requirement and refused to permit the "offensive use" of the doctrine. There, a husband and wife both sustained injuries when their automobile [being driven by the husband] was involved in a collision with an automobile being driven by defendant. The husband recovered a judgment against the defendant. Thereafter, in the wife's action, the wife asserted that the judgment in the husband's case established defendant's liability and precluded further litigation concerning that issue. The court held that in the wife's action against the same defendant she was not entitled to the benefit of the adjudication of defendant's negligence and proximate cause in her husband's case on the theory that as a result of the mutuality requirement, a person who is not a party or privity to an action in which a valid judgment other than a judgment in rem is rendered is not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action. In reaching its decision, the court discussed in detail "collateral estoppel" and the mutuality rule requirement, and alluded to situations where a great number of passengers were injured or killed in an airplane crash.

The above case is in harmony with Smittle, supra, except that the Kansas case refused to permit the "offensive use". of the doctrine of collateral estoppel when different party plaintiffs were involved; and in Smittle our Court refused to permit the "defensive use" of the doctrine when different party plaintiffs were involved.

In Smittle, the father of a minor brought suit on behalf of the minor against Smittle to recover damages sustained by the minor based upon Smittle's negligence. Judgment was rendered in favor of Smittle and that judgment became final. In a subsequent action, the father brought suit against Smittle to recover medical expenses paid on behalf of the minor and for loss of the minor's services. Smittle sought a. dismissal of the father's actions on the

grounds that the former judgment in the minor's action "acts as an estoppel by judgment or verdict." The trial court denied the motion to dismiss and on trial, judgment was rendered in favor of the father. Smittle appealed.

The only issue presented on appeal was whether the verdict and judgment in the minor's action operated to estop the father from maintaining his action. We held that the former verdict and judgment did not operate as an estoppel on the theory that a parent suing for himself for a negligent injury to a minor child is not bound by a judgment rendered in a prior action brought by the minor as the parent is not regarded in law as either a party or a privy to such an action. We pointed out that a person prosecuting an action as the next friend of the minor is a nominal or use plaintiff, and that it is the minor and not the use plaintiff who is bound by the judgment.

In the 31 A.L.R.3d Annotation, at page 1072, it is stated that the courts are more inclined to permit the defensive, than the offensive, use of the doctrine of collateral estoppel and Ham v. Aetna Life Ins. Co. [1968 D.C.Okl.], 283 F.Supp. 153, was cited as one of the cases in which a stranger to the judgment relied defensively upon its collateral estoppel effect, and the requirement of mutuality was not applied. In Ham, the court recognized the distinction between "estoppel by former judgment" and "estoppel by verdict" or "collateral estoppel." There, Ham sought recovery against Aetna to recover disability benefits under its insurance policy. Prior thereto, an adverse judgment had been rendered against Ham in an action against a cab company for disabilities. The court, on assuming that Ham's alleged disabilities in his tort action against the cab company and his action against Aetna on its insurance policy, arose out of the same accident, held that the judgment adverse to Ham in the cab company case did not call for the application of the doctrine of res judicata because the parties and the causes of action were not the same. The court did

hold that the doctrine of collateral estoppel would be applicable if the disabilities for which Ham claimed under Aetna's insurance policy were the same disabilities for which he sought recovery against the cab company. The court said that the rule of collateral estoppel "requires that the matter sought to be interposed as a bar must have been litigated and determined by judgment, if not expressly adjudged, essential to the rendition of the judgment."

In Hankins v. District Court of Jackson County (1967), Okl., 424 P.2d 26, we applied the doctrine of collateral estoppel. In Hankins, two separate actions were filed by the husband. One action was filed as Executor of the estate of his deceased spouse wherein he sought damages for the medical and funeral bills and conscious pain and suffering of his deceased spouse. The other action was filed by the husband individually seeking damages for his own pain and suffering, permanent disability, and loss of service of his deceased spouse. Identical allegations of negligence were alleged in both cases. In Hankins, we in effect held, that under the doctrine of collateral estoppel, a final judgment determining that defendant's alleged negligence was not the proximate cause of the injuries and damages in one action, precluded the re-litigation of defendant's alleged negligence in the other action.

In Hankins, if the husband had prevailed in his action as executor, the benefits derived from that judgment would have been distributed to the next of kin as other property of the wife's estate. Okmulgee Gas Co. v. Kelly, 105 Okl. 189, 232 P. 428. The husband, as next of kin, would have been entitled to his distributive share of the estate. Whether or not these benefits would accrue to the estate was litigated by the husband as executor.

In Hankins, we cited Wilkey v. Southwestern Greyhound Lines, Inc. (1958), Okl., 322 P.2d 1058. In Wilkey, a husband was injured and his wife and daughter were killed in an accident involving a bus. The husband instituted three separate actions against the bus company. In one action the husband sought damages for his own personal injuries. The other two actions were death actions brought by the husband, one as the surviving husband, and the other as the surviving father. The action, as surviving husband, was brought to trial first and resulted in a verdict in favor of the defendant bus company. Therein we held the doctrine of collateral estoppel conclusively settled defendant's liability for all damages as a result of the accident. The cause was submitted to this Court on the theory that the plaintiff, as a husband and father in the wrongful death cases, was the same party plaintiff as the plaintiff in his own action.

In Wilkey, we cited with approval an annotation in 88 A.L.R. 574, which discusses the distinction between the effect of a judgment as an absolute bar to a cause of action and as an estoppel as to a particular fact or "estoppel as to verdict." If we correctly construe the Greyhound case and the A.L.R. annotation, they support the proposition that there may be two types of estoppel, i. e. (1) where a judgment in a cause of action bars other actions on the same cause, and sometimes described as "estoppel by former judgment", and (2) where the verdict and judgment of a previously tried case bars further litigation of particular facts on which the jury necessarily made findings and the findings of those particular facts were essential to the judgment therein rendered, and sometimes described as "estoppel by former verdict" or "collateral estoppel".

In Laws v. Fisher, Okl., 513 P.2d 876, we said " * * * although identity of causes of action is not a necessary element in a plea of collateral estoppel, it is necessary that the point on which the plea of estoppel by the prior judgment is based be an issue in the later case, and have been in issue and decided in the former. * * *."

In Murphy v. Northern Colorado Grain Company, 30 Colo.App. 21, 488 P.2d 103, a farmer purchased grain from a grain company. In one case, an assignee of the

grain company sued the farmer to recover the unpaid purchase price. The farmer refused to pay and defended on the grounds that the grain was of inferior quality and was useless. Upon trial, the court found the farmer failed to establish his defense and rendered judgment in favor of the assignee. Thereafter, the farmer instituted an action against the grain company alleging that the grain was defective and he had been damaged. The court held that the adjudication that the grain was not defective in the action by the grain company's assignee against the farmer to recover the balance due on the purchase price of the grain barred the farmer from maintaining his action against the grain company to recover for losses occasioned by the defective grain.

The Supreme Court of Oregon overruled its former decisions to the contrary in Bahler v. Fletcher (1970), 257 Or. 1, 474 P.2d 329, and held that where a contractor had full complete and fair opportunity in a prior action with a third party to litigate the question of whether the contractor had performed a contract with property owners (and it was adjudicated the contractor had not performed his contract), the doctrine of collateral estoppel was applicable in a subsequent action by the contractor to foreclose a trust deed securing the property owners' payment for work done by the contractor so as to preclude relitigation of the issue as to whether the contractor performed the contract upon which the foreclosure action was based.

In the Colorado and Oregon cases, supra, the defensive use of the doctrine of collateral estoppel was successfully asserted by strangers to previous judgments although the parties against whom it was applied had been unsuccessful in the first actions. In the case at bar, petitioners seek the defensive use of the doctrine against claimant who had been successful in the district court case.

In Goolsby v. Derby (Iowa), 189 N.W.2d 909, citing the 31 A.L.R.3d Annotation, supra, the court said:

"The rule requiring mutuality of estoppel has been much eroded in recent years. However, jurisdictions which have abandoned the rule of mutuality, whether in whole or in part, agree expressly or by implication, that the doctrine of collateral estoppel can be invoked by a stranger to the judgment only against one who was a party, or in privity with the party, to the judgment and had a full opportunity in the prior action to litigate the relevant issue."

The only issue presented here is whether or not the doctrine of collateral estoppel may be applied defensively. We can see no legal or logical reason why it should not apply under the facts herein presented.

■ We hold the adjudication in favor of claimant that her deceased husband was not acting as an employee of ANCO at the time he sustained the accidental injury resulting in his death, which was essential to support claimant's judgment, as administratrix, in her district court action against MAPCO, operates as an estoppel and bars claimant's claim for death benefits against ANCO in the Industrial Court case, although ANCO was neither a party nor in privity with any of the parties in the district court action.

Application to Assume Original Jurisdiction granted and Writ of Prohibition issued; and the State Industrial Court is enjoined from further proceeding in Cause No. D–62421, except dismissing claimant's claim.

WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., dissents.