Martha Pearline RUSSELL, Plaintiff,

v.

ATLAS VAN LINES, INC., a Foreign Corporation, et al., Defendants.

No. 75–218–C.

United States District Court,
E. D. Oklahoma.

March 31, 1976.

Calvin Hendrickson and John Wiggins, Oklahoma City, Okl., for plaintiff.

Richard D. Gibbon, Tulsa, Okl., for defendants.

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

MORRIS, Chief Judge.

The plaintiff herein has filed a motion for partial summary judgment seeking to establish in her favor the issue of the liability of the defendants on the grounds that said issue has previously been fully adjudicated against the defendants. The plaintiff has attached to her motion various documents in support of her motion. The parties have fully briefed their respective positions.

This is a personal injury case wherein the plaintiff has sued the defendants Atlas Van Lines, Inc., Truck Insurance Exchange, Imperial Trucking Company, Inc., and Allstate Insurance Company for injuries allegedly received in a collision in November 1972 between the vehicle in which plaintiff was a passenger and a tractor-trailer rig being operated by Clyde Holt. Plaintiff alleges that Clyde Holt was the agent, servant and employee of defendants Atlas Van Lines, Inc. and Imperial Trucking Co., Inc. and that the collision was due to the negligence of Clyde Holt.

By her motion and brief, plaintiff states that Linda Sue Nipp, the driver of the vehicle in which plaintiff was a passenger, brought suit in the District Court of Love County, Oklahoma, against these same defendants in addition to the driver of the tractor-trailer rig, Clyde Holt, for damages arising out of the same collision. It is undisputed that judgment was entered in that case for Linda Sue Nipp on a jury verdict. Plaintiff asserts here that the issues of liability and agency were fully litigated in that case and that the defendants are now collaterally estopped to deny agency and liability. The defendants deny that collateral estoppel applies and deny that the issues of liability and agency were fully litigated insofar as this plaintiff is concerned.

Plaintiff cites authority for the proposition that collateral estoppel may be invoked without regard to any requirement of mutuality of estoppel or privity.

"The traditional mutuality rule is to the effect that a stranger to the judgment, being not bound thereby, is not entitled to rely upon its effect as res judicata, including its effect as collateral estoppel." Annot. 31 A.L.R.3d 1044 at 1051.

Under this rule a person cannot take advantage of a prior judicial determination of an issue unless he would have been bound by the determination had it been decided the other way. Some courts have discarded this rule either wholly or in part and there has developed in some courts a distinction in the operation of the rule between those situations in which a party seeks to rely on collateral estoppel offensively as a "sword" and those situations in which collateral estoppel is used defensively as a "shield."

"The phrase 'defensive use' of the doctrine of collateral estoppel means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense. On the other hand, the phrase 'offensive use' or 'affirmative use' of the doctrine means that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim." *Anco Mfg. & Supply Co., Inc. v. Swank*, 524 P.2d 7, at 10 (Okl.1974).

The parties herein recognize that, depending upon the jurisdiction involved, the rule varies from the traditional view of requiring full mutuality to the more moderate view of allowing a stranger to a judgment to invoke collateral estoppel as a defensive measure to the more extreme view of allowing such a stranger to invoke collateral estoppel as either a defensive or offensive measure.

The question then becomes: What is the law applicable to this case?

■ This is a diversity case. Since the prior judgment relied upon by plaintiff was rendered by an Oklahoma court, this Court should give to the judgment the same effect which an Oklahoma court would give it. The parties seem to agree that the collateral estoppel doctrine should be determined and applied pursuant to Oklahoma law. And there is ample authority for such a conclusion. See *Graves v. Associated Transport, Inc.*, 344 F.2d 894 (4th Cir. 1965); *United States v. United Air Lines, Inc.*, 216 F.Supp. 709 (E.D. Washington 1962) affirmed sub nom. *United Air Lines, Inc. v. Wiener*, 335 F.2d 379 (9th Cir. 1964), *cert. dismissed*, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549.

In the recent case of *Nixon et ux. v. City of Oklahoma City*, 46 O.B.J. 1551 (Ct. of App. Okl.1975) the Court of Appeals of Oklahoma held that collateral estoppel could be invoked by a plaintiff offensively to establish the liability of the defendant. In that case the Nixons and Mrs. Burgett, who were neighbors, filed separate law suits against the City of Oklahoma City for damages resulting from a faulty sewer line which periodically flooded their homes with raw sewage. The *Burgett* case was tried first and resulted in a jury verdict for the plaintiff. Subsequently the plaintiff Nixon moved for summary judgment on the issue of liability on the basis of collateral estoppel. The Court of Appeals recognized that the Supreme Court of Oklahoma had permitted only the *defensive use* of collateral estoppel by a stranger to the prior judgment. But, the Court of Appeals held:

"[W]e 'see no legal or logical reason' why estoppel by prior judgment as a litigation-reducing mode should not be just as available to a plaintiff offensively as a 'sword' as it is to a defendant defensively as a 'shield.'"

■ It is clear, however, that opinions by the Oklahoma Court of Appeals are not precedent and do not announce principles of state law which this Court must follow in diversity cases. 20 Okla.Stat. § 30.5 provides in part:

"No opinion of the Court of Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the Justices of the Supreme Court for publication in the official reporter."

The parties herein have stated in their briefs that the *Nixon* case is presently before the Supreme Court on petition for certiorari but none of the issues relevant to this motion for summary judgment are raised by said petition; the issue which is said to have been raised goes only to the question of punitive damages. The *Nixon* opinion has not been published in the official reporter.

The most recent case in the Supreme Court of Oklahoma on this question is *Anco Mfg. & Supply Co., Inc. v. Swank*, 524 P.2d 7 (Okl.1974). In *Anco* the employer and its insurer petitioned the Supreme Court for a writ of prohibition forbidding the State Industrial Court

from proceeding further in a case wherein a widow had sued her deceased husband's employer for death benefits under the Oklahoma workmen's compensation statute. In a prior suit it had been determined in the widow's favor that her husband was not acting as an employee of either MAPCO or Anco when he received the injury which caused his death. Anco, the defendant in the second action, was not a party to the first action against MAPCO. In the suit against Anco it was necessary for the widow to prove that her husband's injuries and resulting death arose out of and in the course of his employment with Anco. In *Anco* the Supreme Court stated:

"Although the doctrine of preclusion against inconsistent positions in judicial proceedings, which is based upon the principle that a litigant should not be permitted, either by passive consent or by affirmative action, to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise might have some relevancy in the case at bar, we frame the issue to be determined thusly:

"May the adjudication in favor of claimant that her deceased husband was not acting as an employee of ANCO at the time he sustained the accidental injury resulting in his death, which was essential to support claimant's judgment as administratrix, in her district court action against MAPCO, operate as an estoppel to bar claimant's claim for death benefits against ANCO in the Industrial Court case when ANCO was neither a party nor in privity with any of the parties in the district court action." *Anco* at 10.

The Supreme Court held that collateral estoppel was available to the defendant Anco as a defensive measure. In this regard the Supreme Court stated:

"The only issue presented here is whether or not the doctrine of collateral estoppel *may be applied defensively.* We can see no legal or logical reason why it should not apply under the facts herein presented." *Anco* at 13. (Emphasis added.)

In so holding the Supreme Court clearly recognized the distinction between the defensive use and the offensive use of the doctrine of collateral estoppel and the Court cited *Annotation*, 31 A.L.R.3d 1044 as stating that "the courts are more inclined to permit the defensive, than the offensive, use of the doctrine of collateral estoppel . . . ." *Anco* at 11. None of the cases relied upon by the Supreme Court in *Anco* allowed the offensive use of collateral estoppel although there are several courts which have done so. (See Annotation, 31 A.L.R.3d 1044 for a collection of such cases.) Furthermore, there are persuasive arguments which can be made for refusing to adopt the offensive use of collateral estoppel. See *Spettigue v. Mahoney*, 8 Ariz.App. 281, 445 P.2d 557 (1969) and authority cited herein. It is clear that the court in *Anco* did not adopt anything more than the defensive use of collateral estoppel by a stranger to a prior judgment.

One of the earlier Oklahoma cases cited in *Anco* was *Smittle v. Eberle*, 353 P.2d 121 (Okl.1960) which held:

"Before a judgment will operate as an estoppel, there must be an identity of parties, as well as of the subject matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action." Quoted in *Anco* at 10.

In regard to *Smittle* the Supreme Court in Anco stated that "[t]he Smittle case and cases of similar import follow the traditional mutuality rule that a stranger to a judgment, being not bound thereby, is not entitled to rely upon its effect as res judicata, including its effect as collateral estoppel." *Anco* at 10. The traditional view is also stated in *Butterick Co., Inc. v. Molen*, 198 Okl. 92, 175 P.2d 311 (1946) and *Laws v. Fisher*, 513 P.2d 876 (Okl.1973). No cases have been

cited by the parties herein which modify this view to any greater degree than does *Anco Mfg. & Supply Company, Inc. v. Swank, supra.* And, as previously stated, *Anco* is expressly limited to the defensive use of collateral estoppel.

■ Whether the Supreme Court of Oklahoma may on some future occasion adopt the offensive use of collateral estoppel remains to be seen; clearly it has not done so as of this day. Until a new or different course is taken this Court must apply the law of Oklahoma as it now exists. The Court therefore concludes that under Oklahoma law the plaintiff herein is not entitled to rely on the prior determination of liability of the defendants because she was neither a party in that suit nor in privity with any party in that suit.

■ Although this conclusion disposes of plaintiff's claim of the applicability of collateral estoppel, she also raises other issues by her motion for summary judgment. Plaintiff argues for the first time in her "reply brief" that summary judgment should be granted irrespective of collateral estoppel. Plaintiff points out that defendants Imperial Truck Lines and Allstate Insurance Company have not denied the fact of the agency of Clyde Holt. Plaintiff also has quoted certain portions of testimony by Clyde Holt in his deposition as well as from the state court trial wherein Nipp was plaintiff.

These arguments and the reference to prior testimony came after the defendants had responded to the motion for summary judgment. The defendants have therefore had no opportunity or notice to respond as required by Rule 56, Federal Rules of Civil Procedure. Summary judgment on the issue of agency would therefore not be appropriate at this time. Defendants will be given 15 days in which to respond to the additional claims made by plaintiff in her reply brief.

In all other respects the motion for summary judgment is denied this 31st day of March, 1976.