Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff railroad company rendered transportation for the Government and presented its bill therefor. No question is raised as to this bill, but there was deducted from the amount of it $77.78, representing alleged value of property lost under the circumstances to be stated, for which loss the Government contends the plaintiff is liable. Several questions are presented by the parties, and the first of these is whether the carrier is liable for the loss. The case was submitted on an agreed statement of facts, substantially as follows : Upon a regular “ Government transportation request ” the plaintiff issued its customary coupon passenger ticket to a member of the flying cadets, Air Service, United States Army, from a point in Florida to Fort Sill in Oklahoma, routed from the point of issue of the ticket, Arcadia, Fla., to Jacksonville, Fla., over its own line, thence via Southern Railway to Birmingham, Ala., thence via the St. Louis & San Francisco Railroad Co. to Memphis, Tenn., and from *456 Memphis to Fort Sill via the Chicago, Eock Island & Pacific Eailway. This route complied with the transportation request and was actually traveled by the enlisted man to whom the ticket was delivered. Plaintiff also issued to the enlisted man its baggage check No. G-267161 covering transportation of an Army canvas bag and contents without additional charge therefor. The agreed facts state that the baggage check showed the routing to be the same as that shown by the ticket. This Army canvas bag or military kit was carried to Memphis, Tenn., and was not at that point transferred to the Chicago, Eock Island & Pacific to be carried to Fort Sill, but its carriage from Memphis to Fort Sill was effected by the Frisco — the same road that brought it from Birmingham to Memphis, this line, the St. Louis & San Francisco Eailroad Co., having a station at Fort Sill separate from that of the line over which the enlisted man traveled. As a consequence of this action the enlisted man did not receive the bag or kit on his arrival at Fort Sill, but it was delivered at the station of the Frisco, where it remained unclaimed for 60 days. At the end of this period it was sent to the Frisco’s depot for unclaimed baggage and sold. Why this course was adopted, if the baggage check showed that the shipment was intended to be by another line into Fort Sill, does not clearly appear, though there is some correspondence in the stipulation which indicates that the baggage may have been routed over the Frisco into Fort Sill.
The baggage check delivered by plaintiff’s agent to the enlisted man is not offered in evidence by the Government. The stipulation, however, is that the baggage was routed over the roads mentioned, including the Eock Island. We must therefore accept it as a fact that the baggage was correctly routed and that the occasion of the loss'was the failure of the Frisco road to deliver the baggage to the Eock Island at Memphis, leaving unexplained the failure of the former to do anything to correct its own error. The plaintiff’s contention is that it was not liable for the loss caused by a connecting carrier’s fault. We think the initial carrier is liable in this case. Whatever the rule is as between an individual and the carrier where the former accepts a ticket limiting *457 the latter’s responsibility (see New York Central & Hudson River Ry. v. Beaham, 242 U. S. 148), the carrier accepting a transportation request and issuing a ticket thereon is bound by its provisions, and the person transported is without authority to vary the terms of the request or bind the Government to the limited responsibility indicated upon the back of the ticket delivered to him. The initial carrier is required to collect the bill for the transportation charge and there is a provision in Rule 17 of Howard’s Southeastern Baggage Tariff No. 9, I. C. C. No. H-198, in force at the time, that “if claim arises for loss, damage, or delay, the initial carrier shall be held responsible in the event baggage or property is carried over some other than the route of the ticket upon which checked.” The contention that this provision is only applicable in cases where the baggage was not fully routed by the initial line and was not carried over the lines specified in the ticket does not seem to us to be sound. The settlement for the transportation is had with the initial carrier and not with the terminal carrier, as is the case in-general on bills of lading, and in cases like the instant one, the initial carrier is responsible to the Government. We think also that the Government had sufficient interest in the baggage (military kit) to authorize the enforcement by it of the carrier’s liability. The enlisted man was not the absolute owner of this property. (See act of July 9,1918,. sec. 10, 40 Stat. 891.)
The right of the accounting officers to set off a personal liability to the Government against a recognized liability of the Government to the same person is too well established to need discussion, but the amount, where there is dispute,, may be an open question. In the instant case there was a tariff regulation to the effect that the carrier’s liability for the military kit of an enlisted man would be limited to $25 in the absence of a greater declared value and the payment, of additional compensation. The duly published tariff was authorized by statute (39 Stat. 441), and being so authorized we think the provision in question is applicable to property-carried for the Government as checkable baggage upon a, passenger ticket. We find no statutory authority applicable *458 to the Government whereby the latter’s claim against the transportation company may be barred upon the failure to present it within a stated period or to bring suit within two years and one day. The United States are not bound by statutes of limitation nor can the rights of the Government be surrendered by the mere inaction or negligence of its officers or agents. In United States v. Nashville Ry. Co., 118 U. S. 120, 125, it is said: “ It is settled beyond doubt or controversy — upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided — that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations unless Congress has clearly manifested its intention that they should be so bound.” The same principle is applicable in a case such as we have before us.
Our conclusion is that the plaintiff, as initial carrier, is liable for the loss of the military kit in the sum of $25, and inasmuch as there was deducted from its bill the sum of $11.78 it should recover the difference between these sums. And it is so ordered.
Geaham:, Judge; Hat, Judge; and Booth, Judge, concur.