Howell, Judge,
delivered the opinion of the Court:
Plaintiff, The Atchison, Topeka and Santa Fe Railway •Company, has advanced two claims against the Government. *199 The first, No. 48789, is for water furnished troops on maneuvers and for meals furnished Army personnel, totaling $860.46. The second, No. 48944, is for $5,314.03, representing the balance due plaintiff as freight charges for services rendered the Metals Reserve Company, a corporate agency <of the United States. These two claims aggregate $6,174.49, and upon motion of the plaintiff, have been combined for the purposes of this suit. The defendant admits the validity of plaintiff’s claims, but seeks to set off against them its own ■claim in like amount arising out of the loss by fire of certain ■Government-owned aircraft parts while being transported over plaintiff’s railroad. The defendant has withheld :$6,174.49, the value of the destroyed property, from payments made to plaintiff for services previously rendered.
The Government’s claim for set-off arises out of the shipment by the Goodyear Aircraft Corporation of an airship -control car[1] in which was installed certain Government-owned equipment. This car, which was owned at the time by Goodyear, together with the Government-owned equipment installed therein, was destroyed by fire of unknown origin while in the hands of the plaintiff railroad. The Goodyear Corporation asserted its claim against The Atchi-son, Topeka and Santa Fe Railway Company for the value -of the airship control car, the value of the Government equipment installed therein, and the value of the personal effects lost by Goodyear guards accompanying the shipment. This claim was rejected by plaintiff, and Goodyear filed its suit for damages covering only its own losses, no claim being asserted for the equipment lost by the Government. The Goodyear Corporation prevailed in this action, and the railroad satisfied the debt for the value of the control car alone. The Government did not choose to file its own suit, but applied its common right as a creditor to apply unappropriated monies of a debtor, in its hands, in the ex-tinguishment of the debts due to it. Gratiot v. The United States, 14 U. S. 106; 15 Pet. 336. That the Government had the right to set off this liability to itself against the recog *200 nized liability of the Government is well established. Atlantic Coast Line R. R. Co. v. The United States, 62 C. Cls. 449. The plaintiff then commenced this action, and the Government interposed its claim to set-off rather than any defense to the account sued on by the railroad. With reference to the set-off, the Government stands in much the same position as if it were the plaintiff here, and accordingly, must carry the burden of proof.
The facts are not in dispute, and the main question seems to be whether the railroad stood in the relation of common carrier to the Government as far as the items of Government-owned equipment destroyed along with the airship-control car are concerned. If such relationship did exist, plaintiff, under the findings of fact, is liable as an insurer under the carrier’s contract to carry safely.[2] If the relationship of shipper and common carrier did not exist, it would become necessary for the Government; in order to make out a prima facie case, to allege and prove negligence, and it is clear that negligence has not been shown here. If some official of the United States had presented the airship equipment to the carrier for shipment and it had been accepted by the carrier and lost or destroyed en route, it is clear that the United States would have had a legally enforceable case against the carrier for the value of the missing equipment without allegation or proof of negligence. Chesapeake & Ohio Ry. Co. v. Thompson Mfg. Co., 210 U. S. 416. Here we have the added fact that the United States entrusted this equipment to another so that the relationship of bailor and bailee arose between them. The bailee, which in this case would have been Goodyear Aircraft Corporation, shipped the equipment. The loss occurred while in transit. It is well established that either the bailee or the bailor might sue the carrier in such a case. The bailee has a sufficient interest in the property bailed to maintain an action thereon against the carrier and may recover the full value of the property, holding any value above that of his own special interest for the bailor, who, of course, is barred from a separate action *201 by the recovery of the bailee. The bailor may sue the carrier as general owner, and the bailor’s recovery, similarly, precludes a recovery on the part of the bailee. Edgerton v. Chicago, R. I. & P. Ry. Co., 240 Ill. 311; 88 N. E. 808.
Similarly, where the property of diverse owners is shipped together by a common bailee and lost, each owner, if he acts in time, may sue and recover damages for his own interest alone, even though the shipper might have sued as bailee for the entire loss and held the amount recovered for the benefit of all the true owners, by such action cutting off the true owners’ rights to separate suits. Terry v. Pennsylvania R. R. Co., 5 W. W. Harr. 1 (Del.); 156 Atl. Rep. 787.
The case before us involves the shipment of property by one who was owner of part and bailee of the balance. The property having been entirely destroyed, the shipper has sued for and recovered damages based upon the loss of its own property. The shipper did not choose to sue for damages to its bailor, in this case the United States, on account of the equipment lost, and the carrier has in no other action been called upon to respond in damages for the destruction of the property. The Government, as it now seeks to recover for its destroyed property, is not barred by the shipper’s suit since the shipper did not sue for the benefit of the Government, and consequently recovered nothing because of the loss of the Government-owned property.
The plaintiff contends that it did not know it was carrying anything for the Government, and therefore the railroad was in possession of the Government-owned equipment, not as a common carrier, but as “a bailee involuntarily in possession of the property of another.” .
The Government-owned property consisted of various navigational and combat aids such as radios, antennae, batteries, instruments, bomb racks, etc. For safety and convenience in shipment, certain items, mainly external fixtures, were removed, boxed separately, and put inside the control car for shipment. The record- discloses that this was the commonly accepted method of shipment for such cargo and bore the approval and acceptance of railroads generally. The record further shows that these items were not spirited .aboard nor were they concealed from the carrier, and the *202 railroad knew it was accepting a fully equipped airship control car. The bill of lading accurately, although in general terms, described the cargo as “airplane parts.” There was. no duty on the part of Goodyear to disclose the Government ownership of these component parts, nor is it important who owned them at the time of shipment, so long as the railroad was not deceived regarding its cargo and suit is maintained by one having a sufficient interest in the cause, and so long; as the carrier is not subjected to double recovery for the same loss. There is no suggestion in this case of double-recovery on any item of loss nor of an improper party; the owner of each component has made claim only for its own individual loss. While the Government did ship through the bailee, the plaintiff accepted the shipment as the common carrier contracting to carry safely. The goods were destroyed en route, and no claim is made that they were lost due to one of the exceptions to common carrier liability as an insurer.[3]
The Government has made out an unrefuted case that would have entitled it to judgment had it been the plaintiff.
The Government having established its right to a set-off in the amount of $6,174.49, which is the amount of plaintiff’s claim, the plaintiff is not entitled to recover and its petition is therefore dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 From the record and on oral argument it appeared that an airship control -car is the “gondola” or control car which carries the controls, instruments, power, and crew of a non-rigid, lighter-than-air craft.

 It must be noted that there is no suggestion that the loss here falls within one of the exceptions to a common carrier’s liability as an insurer, viz., act of God, act of a public enemy, shipper’s fault, or inherent vice of the goods.

 See footnote 2, supra.