**HARDING v. TAYLOR et al.**

No. 36098.

Supreme Court of Oklahoma.

June 15, 1954.

Rehearing Denied July 13, 1954.

Blanche E. Bradshaw, Oklahoma City, for plaintiff in error.

Sam S. Gill, Oklahoma City, for defendants in error.

CORN, Justice.

Proper disposition of the question presented by this appeal requires recitation of the factual background of earlier litigation which provided the basis for the present action.

In 1921 George Mulligan and wife conveyed a parcel of land (16.45 acres) in SE4, Sec. 31, Twp. 12N, R.3 W.I.M., to 'J. A. Taylor by warranty deed, describing the land by metes and bounds. In 1926 the grantors platted and dedicated to public use other land adjoining Taylor on the west. The recorded plat showed the east line of the plat to be 908.4 feet west of the east line of this section.

In 1943 Taylor sued numerous parties, including the present defendant, alleging ownership and possession of the property for more than 15 years and that defendants were claiming some interest in the property thus clouding his title; that they interfered with his possession thereof by attempting to fence off a portion (31 feet) of the land which he claimed both by deed and prescription, and asked judgment quieting his title and enjoining defendants from interfering with his possession of the land.

During the trial of that case the court appointed a qualified surveyor who, after a

survey of the property, reported his findings to the court. Based upon such survey the trial court found Taylor's (plaintiff's) west boundary line was 908.4 feet west of the east section line and that the east boundary line of the plat under which defendants claimed adjoined plaintiff's west line. Upon this finding the court decreed that certain defendants, including the present defendants, were not encroaching upon Taylor's land, found the issues generally in their favor and denied plaintiff's claim for injunctive relief.

In April 1953, the present plaintiffs, administrators of J. A. Taylor (plaintiff in the original action), filed this action alleging the boundary line was 908.4 feet from the east section line as adjudicated in the first action; notwithstanding such judgment which was binding upon defendant, she had destroyed plaintiff's fence and had commenced erection of her own fence some 6 feet over on plaintiff's property. They sought a temporary injunction and asked that upon final hearing she be enjoined permanently from trespassing upon or erecting a fence upon their property.

Defendant answered alleging her ownership of the property (Lot 16, Block 1, West Lawn Garden Addition) under the recorded plat, the east boundary line of which had been established in the prior lawsuit wherein she was a party defendant; that the judgment entered in the original action found all the issues generally in defendants' favor and such judgment became final and was not appealed from.

The parties entered into a stipulation, the substance of which is stated below and agreed same could be received in evidence.

1. The parties, the land and the issues involved are the same as in the original action, and that judgment was res judicata as to matters therein described.

2. The west line of plaintiffs' property and the east line of defendant's property are 908.4 feet west of the east section line of the section (sec. 31, Twp. 12, R.3).

3. The county surveyor had determined the 908.4 foot boundary line is approximately 6½ feet west of a line of telephone poles crossing this land from north to south; fence defendant seeks to erect is approximately 6½ feet east of line of survey markers fixing the 908.4 boundary line.

4. At and since time of original suit there was a tree approximately on the line where defendant now seeks to establish a fence and defendant at that time had a fence attached to the tree; after that judgment plaintiff (in original suit) tore the fence down; over the following years defendant would erect a fence and Taylor would destroy same and erect a fence along line of surveyor's markers, which fence defendant tore down; when defendant started the present fence she destroyed the fence erected along surveyor's markers some 6½ feet west of the fence she sought to build.

At the trial both parties relied upon and introduced in evidence records and proceedings in the original suit. After both sides had rested the trial court announced that he would like to hear the evidence of the surveyor and, over defendant's objections, plaintiffs were permitted to reopen the case for the purpose of offering such testimony.

The witness (R. W. Thomas) testified he made the survey at the direction of the judge who tried the original case. Previously two other surveyors had worked the area in an effort to establish the true line but there was some discrepancy in their work so the court directed the witness to make a survey and establish location of the 908.4 foot boundary line. This he did and, as requested, set iron stakes or monuments, on the true boundary which stakes were approximately 6½ feet east of the line of telephone poles and thus marked the 908.4 foot boundary line from the east section line as called for. At the time of his survey there was a tree near the line and defendant had a fence attached to such tree which was approximately upon the line where defendant sought to build the fence involved in this case. No other line was taken into consideration from any tree or other point, and the only thing considered was in reference

to the east section line, in an effort to ascertain where the boundary line would be according to the Taylor deed and the West Lawn Garden plat. Based upon the survey the trial court in the first case denied Taylor relief and decreed the true boundary was that fixed by the survey, rather than the line of telephone poles some 6½ feet to the west, up to which Taylor had been cultivating and which portion he also had claimed by prescription.

Thereafter it was brought out by cross-examination and redirect examination that the history of the land in this area had been rather stormy; a portion thereof first was conveyed by metes and bounds under an unrecorded plat, and later an effort was made to fit the recorded plat to the unrecorded portion. The manner in which this land was platted made it impossible for the lots to be of the depth called for in the plat when the area was surveyed from the east section line and the 908.4 foot boundary laid off as called for under the plat; to meet the specifications in the plat would require beginning at the center line and proceeding eastward until the lots and streets of the plat extended over onto the Taylor land.

The court then rendered judgment quoting the pertinent portion as follows:

"The Court finds in this case that the journal entry of judgment rendered by the court in case No. 107, 157 was based upon a line established by survey made by R. W. Thomas, who was appointed by the court and his report was made to the court and the court found the issues generally against the plaintiffs, but based its judgment upon the established west line of plaintiff's land, as described in the warranty deed set out in the journal entry and as surveyed and established by monuments of the surveyor appointed by the court and based upon his report, which described and established the corners on the surveyed line with monuments established between the West Lawn Garden Addition and the land described in the Taylor deed, and that said monuments and survey establishing the monuments by R. W. Thomas county surveyor, estab-lish the east line of the Taylor property here in dispute and that the court did not, nor does said judgment indicate any findings different than that stated in said journal entry, and the judgment will be that the defendant be enjoined from building a fence east of the surveyed line by R. W. Thomas.

"The Court further finds that the issue contended for by the defendant of res judicata is not applicable in this case for the reasons above set forth and that the journal entry did not establish any particular property line between the parties hereto other than that herein established by the county surveyor's stakes or monuments established from the government monument corner as set out in the journal entry."

The court further decreed the location of defendant's fence at the time of the first suit had no bearing on the court's judgment as to whether such fence was in the same place at the time of this trial, and enjoined defendant from occupying the land or erecting any fence east of the line of monuments, approximately 6½ feet east of the line of telephone poles.

The appeal from this judgment is based upon six asserted propositions which are argued at length. As nearly as can be ascertained it appears from defendant's argument that the principal claim of reversible error is that plaintiff was estopped from bringing this action by reason of the judgment rendered originally. Defendant's contentions and supporting argument may be summarized by the following quotation in her brief:

"* * * since * * * plaintiffs and defendant, stipulated to the facts * * * that the judgment * * * (in the original case) is res judicata and that defendant is attempting to reconstruct her fence in the same location as it was in at the time of the institution and trial (of the original case), the trial court in the case being appealed acted arbitrarily and prejudicially and went beyond the discretion allowed a court in interpreting the judgment of a court in a prior case in

rendering judgment for the plaintiffs thereby nullifying the prior court's judgment which the law does not permit to be done."

In the original suit Taylor (plaintiff) claimed the property west to the line of telephone poles by deed and also by prescription, and sought to enjoin defendants' encroachment upon or interference with the strip of land which he claimed. Defendant plead her conveyance, executed in reliance upon the recorded plat and denied she was encroaching upon plaintiff. The trial court found the issues generally for defendants, denied plaintiff any relief, and specifically found that a line 908.4 feet west of the east section line was the boundary line separating the litigants' properties, as called for both in the recorded plat and in Taylor's deed. Clearly then, the issue adjudicated in that action was that Taylor had no right or claim to any ground to the west of the 908.4 foot boundary.

The present action was brought to settle an entirely different issue, which arose out of defendant's cutting one fence down and attempting to construct her own fence approximately 6½ feet east of the boundary line. Plaintiffs plead determination of the boundary line separating the properties by the judgment in the first case, and defendant's trespass upon plaintiffs' property. Plaintiffs sought to permanently enjoin defendant from trespassing upon their land and interfering with their use and possession thereof. Plainly the issue presented by this action involved an alleged, subsequent wrong, different and apart from that settled by the former judgment.

However, defendant ignores the differentiation discernible between the two cases and argues the existence of reversible error upon the following reasoning. The parties stipulated the original judgment was res judicata. But, because the surveyor testified the court did not adopt his survey, and since the court dissolved the temporary restraining order and denied plaintiff any relief, defendant summarily concludes this was an affirmative finding that she was not encroaching upon plaintiff. *Thus,* since her fence was east of the 908.4 foot line at the time and she was not encroaching then, she cannot be guilty of encroaching upon plaintiffs now merely because she erects a fence where it formerly existed, and the question is res judicata under the stipulation. Such illogical reasoning is most unpersuasive.

The principles underlying the doctrine of res judicata may be observed in 50 C.J.S., Judgments, § 592 et seq. We have recognized and applied such principles so often as to make citation of authority upon the proposition unnecessary, but attention is directed to Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103, 1104, wherein paragraphs 1 and 2 of the syllabus state:

"In order to make a matter res judicata, there must be a concurrence of the four conditions following: (a) Identity in the thing sued for or subject matter of the suit; (b) identity of the cause of action; (c) identity of persons or parties in the action; and (d) identity of the capacity in the person for or against whom the claim is made."

"Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit in a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein."

Measured by the foregoing principles it becomes obvious defendant's arguments, based upon the asserted applicability of the doctrine of res judicata, are without merit.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.