UNION PACIFIC RAILROAD
COMPANY
v.
UNITED STATES.
No. 592-57.

United States Court of Claims.
July 19, 1961.
Rehearing Denied Oct. 4, 1961.

John Guandolo, Washington, D. C., for plaintiff. Lawrence Cake and Raymond A. Negus, Washington, D. C., were on the brief.

Pauline B. Heller, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

WHITAKER, Judge.

Plaintiff sues the defendant in the first count of its petition for freight charges admittedly due and unpaid. In the second count it sues for damages it suffered as the result of the explosion of tanks of anhydrous ammonia, a part of an ice plant, which it was transporting for defendant from Ogden, Utah, to Seattle, Washington.

On August 21, 1951, defendant delivered to plaintiff, a common carrier, a shipment of Government freight described on the bill of lading as "12 Bx Machinery NOIBN [1] (ice plant)", for shipment by rail from Ogden, Utah, to Seattle, Washington. The shipment contained certain crated metal tanks of compressed anhydrous ammonia gas, which was classified by the Interstate Commerce Commission as a dangerous article (49 CFR 72.5). However, it was not labeled as such, nor was it so described in the Government bill of lading as required by the regulations of the Commission and the bill of lading.

While enroute to Seattle, a journal box on the flat car containing the shipment caught fire. Upon the discovery of the "hot box", plaintiff's employees stopped the train, and after partially extinguishing the fire, it moved the train to a more

[1] "Not otherwise indexed by name."

convenient location for completely extinguishing the fire, but it got out of control and soon spread from the journal box to the lower portion of the car, and as a result the anhydrous ammonia tanks exploded injuring several persons and causing certain property damage including the loss of the Government's equipment.

A deputy sheriff, who was seriously injured while helping to fight the fire at plaintiff's request, brought suit in the District Court for the District of Idaho· against the plaintiff railroad and the United States. The District Court found that both the railroad and the United States were negligent and that the personal injuries were the proximate result of the concurring negligence of the two defendants in that action.[2] Whereupon a joint and several judgment was entered against the railroad and the United States in the amount of $75,000.00 general damages, and $3,705.75 special damages. Both the railroad and the United States appealed, each claiming the other was solely liable to the injured person. The judgment of the District Court was affirmed by the Court of Appeals for the Ninth Circuit on January 30, 1956.[3]

In the present·action, plaintiff seeks to recover reimbursement or indemnity from the United States for all losses and damages resulting from the fire and explosion, including the amount paid by plaintiff in satisfaction of the judgment entered against it and the United States in the personal injury suit. Plaintiff also seeks to recover the sum of $17,-410.67, the claimed value of the shipment lost in the fire, which defendant has deducted and withheld from amounts admittedly due plaintiff for other shipments of Government freight.

Plaintiff relies upon the provision incorporated in the bill of lading by reference, which reads:

"Every party, whether principal or agent, shipping explosives or dangerous goods, without previous full written disclosure to the carrier of their nature, shall be liable for and indemnify the carrier against all loss or damage caused by such goods, and such goods may be warehoused at owner's risk and expense or destroyed without compensation * * *."

The bill of lading described the shipment as "12 Bx Machinery NOIBN (ice plant)", which plaintiff says was not the "full written disclosure" of the nature of the shipment required by the bill of lading. It also relies on defendant's failure to properly label and describe the shipment as required by the rules and regulations of the Interstate Commerce Commission (49 CFR 73.401–73.404, 73.427, 73.428). As a result, it says, defendant thereby became liable, not only for the loss of the shipment, but for all other losses and damages incurred by plaintiff as a result of the fire and explosion.

The parties have agreed that if the court finds that plaintiff is liable for the loss of the Government shipment, then the value of the shipment should be determined pursuant to Rule 38(c), 28 U.S. C.A., unless the parties are able to agree upon the value. If the value is less than the amount withheld by defendant, then plaintiff would be entitled to recover the difference. The parties also agree that if the court finds that defendant must bear the loss of its property, then the amount due plaintiff on its claim for unpaid freight charges would be $17,410.67.

Plaintiff concedes that unless it is entitled to indemnity from defendant for all losses and damages resulting from the fire and explosion of the ammonia gas, it cannot recover the amount withheld by defendant for the loss of the Government shipment.

In the suit against plaintiff and defendant in the District Court of Idaho brought by the deputy sheriff (Marshall

---

2. Marshall v. Union Pac. R. R., et al., Civil Action No. 1717, Oct. 2, 1953 (D.C. Idaho).

3. United States et al. v. Marshall, 9 Cir., 230 F.2d 183.

v. Union Pac. R. R. et al., supra), it was found that defendant was negligent in failing to comply with the rules and regulations of the Interstate Commerce Commission requiring proper labelling of the shipment and the proper designation and description thereof in the bill of lading.

It was also found that plaintiff was negligent, *inter alia*, in not having on hand necessary fire fighting equipment, in failing to extinguish the fire caused by the hot box, and in permitting it to ignite the lower portion of the freight car and to spread to the Government's shipment.

■ We are of opinion that the parties are estopped to controvert the above findings of the District Court, affirmed on appeal (United States v. Marshall, supra). In that proceeding they were adversary parties, although both were parties defendant. Each, of course, undertook to show that the other was to blame for the injuries suffered and, by doing so, to exonerate itself.

The decisions of the Supreme Court give full support to the doctrine of estoppel by judgment or collateral estoppel. See Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, and Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. That it applies in suits where the parties are joint defendants is well supported by the decisions of the Courts of Appeals of several of the Circuits. See National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 110 F.2d 138; Ohio Cas. Ins. Co. v. Gordon, 10 Cir., 95 F.2d 605; United States Fidelity & Guaranty Co. v. Haggart, 8 Cir., 163 F. 801.

Whether or not the United States had failed to comply with the regulations of the Interstate Commerce Commission was put in issue in the District Court. The United States had full opportunity to show that it did comply with them, and the court found against it. The Railroad Company had full opportunity to show that it was not negligent, but the court made the foregoing findings of negligence on its part. The obligation of the United

States to disclose the nature of the shipment imposed by the regulations is substantially the same as that imposed by the bill of lading.

We come, then, to the question: Does plaintiff's negligence relieve defendant of the obligation assumed in the bill of lading, and of that cast upon it by the regulations of the Interstate Commerce Commission?

■ It is a well-settled principle of the law relating to common carriers that a carrier cannot by agreement relieve itself of liability for its own negligence. Liverpool & G. W. Steam Co. v. Phenix Insurance Co., 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Knott v. Botany Worsted Mills, 179 U.S. 69, 21 S.Ct. 30, 45 L.Ed. 90; Boston & Maine R. R. Co. v. Piper, 246 U.S. 439, 38 S.Ct. 354, 62 L.Ed. 820; United States v. Atlantic Mutual Ins. Co., 343 U.S. 236, 72 S.Ct. 666, 96 L.Ed. 907, and cases cited. It follows that the defendant's agreement "to indemnify the carrier against all loss or damage caused by such goods" does not apply to a case where the goods would not have caused the damage except for the carrier's negligence.

The judgment against the carrier in the District Court of Idaho was grounded on the carrier's negligence. The United States did not agree to indemnify it against loss occasioned by its own negligence. It is true the default of the United States contributed to the loss, but, notwithstanding this default, the loss would not have occurred except for the carrier's negligence in allowing the fire to spread to the defendant's shipment. The shipment was harmless until it came in contact with the fire. That it came in contact with the fire was due to the carrier's negligence.

Plaintiff is not entitled to recover on its second count.

■ Nor is plaintiff entitled to recover on its first count, which involves the right of the defendant to recover the value of the shipment lost by deducting it from freight bills admittedly due. Indeed, plaintiff concedes as much in its

524

reply brief, where it says: "A recovery by the plaintiff on the First Count depends on whether plaintiff's claim on the Second Count is sustained. If not, plaintiff's claim on the First Count also fails." This seems to be a necessary concession, in view of section 20(11), of the Interstate Commerce Act, 24 Stat. 379, as amended, 49 U.S.C.A. § 20(11). This makes a common carrier liable "for any loss, damage, or injury to such property caused by it" and "no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such * * * carrier, railroad, or transportation company from the liability [hereby] imposed". It is clear that under the statute, plaintiff could not, by contract, exempt itself from the liability imposed. United States v. Savage Truck Line, 4 Cir., 209 F.2d 442, 44 A.L.R.2d 984. See also Chicago & Eastern Illinois R. Co. v. Collins Produce Co., 249 U.S. 186, 39 S.Ct. 189, 63 L.Ed. 552; Chesapeake & Ohio Ry. Co. v. Thompson Mfg. Co., 270 U.S. 416, 46 S.Ct. 318, 70 L.Ed. 659; Gordons Transports, Inc. v. United States, Ct.Cl. No. 419–58, decided June 7, 1961; Atchison, Topeka & Santa Fe Ry. v. United States, 94 F.Supp. 677, 118 Ct.Cl. 194; Lehigh Valley R. Co. v. State of Russia, 2 Cir., 21 F.2d 396.

The cases hold that the shipper may recover notwithstanding its concurring default. Lehigh Valley R. Co. v. State of Russia, supra; United States v. Savage Truck Line, supra. See also Commodity Credit Corp. v. Norton, 3 Cir., 167 F.2d 161.

The plaintiff has no right of contribution against defendant as a joint tort feasor under the laws of the State of Idaho. See opinion of District Court in Marshall v. Union Pacific R. R. et al., on motion of railroad company to make the United States a third party defendant; affirmed *sub nom.* United States v. Marshall, supra.

It results, therefore, that plaintiff is not entitled to recover for the losses or damage caused by the fire and explosion and it must bear the loss of the Government's equipment.

Defendant's motion for summary judgment is granted as to the second count of the petition, and the second count will be dismissed. The value of the Government property which was destroyed by the fire and explosion will be determined pursuant to Rule 38(c), unless the parties are able to agree upon this value. Judgment on the first count of the petition will be reserved pending the determination of such value.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and MADDEN, Judges, concur.