**Charles L. HAM, Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY,**
**Defendant.**

**Civ. No. 67–C–102.**

United States District Court
N. D. Oklahoma.
March 20, 1968.

———◆———

Alvin L. Floyd, of Floyd & Kerr, Tulsa, Okl., for plaintiff.

Robert J. Woolsey, of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., for defendant.

**154**

## ORDER DENYING MOTION TO STRIKE AND AMENDED MOTION TO STRIKE AMENDMENT TO ANSWER

DAUGHERTY, District Judge.

By way of Amendment to Answer filed in this case, the Defendant has raised the defenses of res judicata and estoppel by judgment against Plaintiff's claim.

■ In considering the Plaintiff's Motion and Amended Motion, the Court notes that the essential functions of a motion to strike and a motion to dismiss are practically identical. The purpose of the motion to strike an answer is to test its legal sufficiency.[1] The Court will therefore consider only the matters pleaded by the Defendant in his Amendment to Answer.

■ It is clear that the present case is not appropriate for the application of the doctrine of res judicata, as neither the parties nor the cause of action are the same.[2]

■ The rule of collateral estoppel or estoppel by judgment requires that the matter sought to be interposed as a bar must have been litigated and determined by the judgment, or if not expressly adjudged, essential to the rendition of judgment.[3] This rule is in force in Oklahoma.[4] The Complaint alleges that Defendant insured Plaintiff and agreed to pay a monthly sum in the event of total permanent disablement resulting from injury while in a public conveyance. The Amendment to Answer alleges that this action is barred by reason of a judgment adverse to Plaintiff in a previous case involving Plaintiff's attempt to recover for the injuries which allegedly caused total permanent disability from the Yellow Cab Company, the entity in charge of the public conveyance involved.

■ In order to show that the injuries, which are alleged by Defendant to be the basis of both actions, are in fact the same injuries, the Defendant will have to put on proper evidence. However, the Court at this point does not consider matters outside the pleadings. Such matters are for trial. The sole inquiry is whether the Defendant states a proper legal defense, assuming the pleaded facts to be true. Assuming the matter of injury to have been determined adversely to Plaintiff in the previous trial, the Amendment to Answer states a good defense of estoppel by judgment, as it is based on such prior determination.

Plaintiff's Motion to Strike and Amended Motion to Strike Amendment to Answer are denied.

1. "In order to succeed on a motion to strike matter from an answer it must be shown that the matter criticized is so unrelated to the plaintiff's claim as to be unworthy of any consideration as a defense.

  "Although a motion to strike an answer may be granted if the motion presents a pure question of law, the motion cannot be granted if there is a substantial question of fact, even if the question of fact can be determined by drawing inferences from acts and statements not disputed, since the drawing of inferences is a function of the trier of facts and is not the determination of a question of law." 1A Federal Practice and Procedure (Barron & Holtzoff, Wright Ed.) § 369, p. 507.

2. 50 C.J.S. Judgments § 601, p. 25; § 648, p. 82; 30A Am.Jur. § 365, pp. 407–409; § 368, pp. 409–410; § 397, pp. 447–448; Harding v. Taylor, 272 P.2d 443 (Okl. 1954).

3. 50 C.J.S. Judgments § 593b, pp. 13–14; § 763, p. 292; § 764, p. 292.

4. Haco Drilling Company v. Hammer, 426 P.2d 689 (Okl.1967); Wilkey v. Southwestern Greyhound Lines, 322 P.2d 1058 (Okl.1958); Harding v. Taylor, supra, note 2.