Arnold W. **HOPSON** and **Aetna Casualty & Surety Company,** Plaintiffs,

v.

Hayes **TRIPLETT,** Defendant.

Hayes **TRIPLETT** and Adabelle Triplett, Plaintiffs,

v.

O. G. **McGECHIE** d/b/a **Cortex Trucking Company et al.,** Defendants.

Civ. Nos. 73-28, 73-263.

United States District Court,
E. D. Oklahoma,
Civil Division.

July 15, 1974.

---

11. *See, e. g.,* 8 U.S.C. §§ 1181, 1182(a).(26).

Richard L. Gossett, McAlester, Okl., for Arnold W. Hopson.

Richard D. Wagner, Tulsa, Okl., for Aetna Casualty.

Bruce Green, Muskogee, Okl., and Jack M. Thomas, Tulsa, Okl., for Hayes and Adabelle Triplett, in No. 73–28.

Richard D. Wagner, Tulsa, Okl., for all defendants in No. 73–263.

## ORDER

DAUGHERTY, Chief Judge.

There are three actions in these consolidated cases. In 73–28 Hopson, the driver of one vehicle (and Aetna who owns a part of his cause of action) sues Hayes Triplett, the driver of the other vehicle involved in the accident, for personal injuries and losses. In 73–263 Hayes Triplett sues Hopson (and those who would be legally responsible for any negligence of Hopson) for the personal injuries and losses of Hayes Triplett sustained in said accident.

Thus, the two drivers of the two cars in the accident involved herein have sued each other for their respective personal injuries and losses, each alleging that the accident and his resulting injuries and losses were proximately caused by the negligence of the other driver.

The third action in the consolidated cases is that of Adabelle Triplett, a passenger in the Hayes Triplett vehicle, and a Plaintiff in Case No. 73–263 in which she sues Hopson (and those legally responsible for any acts of negligence of Hopson), the driver of the other car, for her personal injuries and losses sustained in the accident involved herein.

Another passenger in the Hayes Triplett vehicle, one Lora Worsham, in the District Court of Oklahoma County, Oklahoma sued both Hayes Triplett and Hopson (and those who would be legally responsible for any of their acts of negligence) for her personal injuries and losses resulting from the accident involved herein. It is undisputed from the record before this Court that in said State action Worsham was successful in recovering judgment against both Hayes Triplett and Hopson on the basis of their both being guilty of negligence proximately causing the accident involved herein. It is also undisputed from the record that this Judgment recovered by Worsham is now final.

Hopson and Hayes Triplett and those aligned with them have now moved to dismiss the action by each driver against the other and those aligned with them on the grounds of estoppel by judgment, the judgment being the aforesaid Worsham judgment in which each Hopson and Hayes Triplett were found guilty of negligence proximately causing the accident involved herein. This is to say, that each now urges that a judgment has become final in a case in which each driver was a party and in which each driver has been found guilty of negligence proximately causing the accident and in which case each driver had a fair opportunity to present his defenses to allegations of negligence against him, by reason whereof each movant claims that neither driver can

recover against the other driver herein or those aligned with him. Further that the negligence of each driver binds those employers and/or insurers aligned with them. The said Motions under consideration do not affect the action of Adabelle Triplett and her action is not ·dealt with herein.

As the Motions To Dismiss under consideration involve the proposition that neither driver can now plead a claim upon which relief can be granted against the other and as matters outside the pleadings are presented to the Court in connection with said Motions and not excluded by the Court, both Motions are being treated by the Court as Motions for Summary Judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure. See Rule 12 (b), Federal Rules of Civil Procedure.

■ The doctrine of estoppel by judgment is well recognized in Oklahoma, the Tenth Circuit and elsewhere. See Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Anco Mfg. & Supply Co., Inc. et al v. Swank, Judge, 524 P.2d 7 (Okl. 1974); Wilkey v. Southwestern Greyhound Lines, 322 P. 2d 1058 (Okl. 1957); Ohio Casualty Ins. Co. v. Gordon, 95 F. 2d 605 (Tenth Cir. 1938); Union Pacific Railroad Company v. United States, 292 F.2d 521, 154 Ct.Cl. 427 (1961); Ham v. Aetna Life Ins. Co., 283 F.Supp. 153 (W.D. Okl.1968). It is also well recognized that the doctrine applies in actions where the parties are joint defendants and take an adverse position against each other as is the case here. See Union Pacific Railroad Company v. United States, supra.

■ It is clear under the above cases that Hopson and Hayes Triplett and those aligned with them are estopped by the Worsham judgment from again litigating the matter of whose driver's negligence was responsible for the accident involved herein. As the Worsham judgment, now final, found them both to have been guilty of negligence proximately causing the accident, neither may prevail herein against the other or those aligned with them on their respective allegations of negligence because both and those aligned with them would be barred by their own contributory negligence in connection with the accident as the same has been finally established in the Worsham case, such contributory negligence being a bar to recovery herein for all under Oklahoma law at the time of the accident involved herein.[1]

The Court finds and concludes from the record before it that both Hopson and Hayes Triplett are entitled to summary judgment against the other on their respective actions herein against each other on the basis of estoppel by judgment.

Accordingly, as no genuine issues of materials facts are present as to the controversies between the two drivers and those aligned with them Summary Judgment is granted dismissing the Complaint of Hopson and Aetna Casualty & Surety Co. against Hayes Triplett in Case No. 73–28 and Summary Judgment is granted dismissing the Complaint of Hayes Triplett against Hopson, O. G. McGechie d/b/a Cortex Trucking Company and Aetna Casualty & Surety Company in Case No. 73–263.

1. Oklahoma adopted the comparative negligence doctrine on the 18th day of April, 1973, 23 Oklahoma Statutes §§ 11, 12 but under said Statutes the doctrine did not become effective until the 16th day of August, 1973. The accident herein involved occurred before the effective date of the above Statute, hence, the doctrine of contributory negligence applies to this accident and completely bars any recovery by one found guilty of contributory negligence and also bars recovery by those aligned with him. Article 23, Section 6, Oklahoma Constitution; Smith v. Chicago, Rock Island and Pacific Railroad Co., 498 P. 2d 402 (S.Ct.Okl.1972).