Willie **BEIGHTS** and United States Fidelity and Guaranty Company, an Insurance Corporation, Plaintiffs,

v.

W. R. GRACE & COMPANY, INC., and the Murphy-Phoenix Company, Inc., Defendants.

The MURPHY–PHOENIX COMPANY, INC., Third Party Plaintiff,

v.

E. I. DU PONT DE NEMOURS AND COMPANY, Third Party Defendant.

W. R. GRACE & COMPANY, INC., and Maryland Casualty Company, Cross-Claimants,

v.

The MURPHY–PHOENIX COMPANY, INC., Defendant.

Civ. No. 72–192–D.

United States District Court, W. D. Oklahoma, Civil Division. March 5, 1975.

Andrew L. Hamilton, Oklahoma City, Okl., for Beights.

D. C. Thomas and Jack S. Dawson, Oklahoma City, Okl., for USF&G.

Melvin F. Pierce, Oklahoma City, Okl., for Maryland Cas. Co.

Melvin F. Pierce and Ben L. Burdick, Oklahoma City, Okl., for Grace & Murphy-Phoenix.

Coleman H. Hayes, Oklahoma City, Okl., for E. I. DuPont.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

Plaintiff Beights received personal injuries while using a product known as Lub-adhesive. As he was covered by the Oklahoma Workmen's Compensation Law at the time of the accident he received certain payments and benefits from Plaintiff United States Fidelity and Guaranty Company (USF&G), the compensation carrier. As Plaintiffs herein they have sued Defendants W. R. Grace & Company (Grace) who sold or distributed the product and The Murphy-Phoenix Company, Inc. (Murphy-Phoenix) who manufactured the same. Though given the opportunity Plaintiffs declined to sue E. I. DuPont DeNemours & Company (DuPont). The jurisdiction of this Court over said action is based on diverse citizenship and the required jurisdictional amount. 28 U.S.C. § 1332. Murphy-Phoenix thereafter filed a Third Party Complaint against E. I. DuPont DeNemours & Co. (DuPont) on the contention and basis that if the product was defective and it became liable to Plaintiffs by reason thereof that DuPont would be liable to it because an ingredient DuPont supplied Murphy-Phoenix which was used by Murphy-Phoenix in the manufacture of said product was the cause of any defect. Rule 14, Federal Rules of Civil Procedure.

Defendants Grace and Murphy-Phoenix settled with Plaintiffs, both Defendants contributing to the compromise settlement. DuPont did not participate in this settlement. In this settlement and by agreement Grace retained or reserved its indemnity rights against Murphy-

Phoenix. Grace then filed a Cross-claim against Murphy-Phoenix in indemnity on the contention and basis that Grace was only vicariously or passively liable to Plaintiffs as it did not manufacture the product but only sold the same, whereas Murphy-Phoenix was primarily and actively liable because it manufactured the product and any defect in the same would be its full responsibility.[1] Grace sought recovery of its contribution to the compromise settlement with Plaintiff plus its related expenses. Murphy-Phoenix responded to the Cross-claim asserting that the product was not defective; that it was not actively negligent in its manufacture of said product and that the cause of Plaintiff's injuries or losses was Plaintiff's own negligence. This Cross-claim has been tried to a jury under the Oklahoma doctrine of "Manufacturer's Products Liability" as announced by Kirkland v. General Motors Corporation, 521 P.2d 1353 (Okl.1974), with Murphy-Phoenix prevailing and Grace therefore not recovering its contribution to the compromise settlement and related expenses. The jury answered the following Interrogatory in the negative:

"Do you find by a preponderance of the evidence that the Defendant, The Murphy-Phoenix Company, is liable for the injuries to Willie Beights by reason of the Lub-adhesive product involved herein under the doctrine of Manufacturer's Products Liability as the same has been explained to you?"

The Oklahoma Manufacturer's Products Liability Doctrine was explained to the Jury as follows:

## "MANUFACTURER'S PRODUCTS LIABILITY

A manufacturer is not an insurer against damage or loss resulting from the use of its product, but (1) if a manufacturer sells a product which contains a defect which makes the product unreasonably dangerous to the user or his property, and (2) such defect existed in said product at the time it left the manufacturer's possession and control, and (3) said product was the cause of a damage or loss to the user of his property, the manufacturer would be liable therefor.

The above liability of a manufacturer is not based on his being negligent and it is not necessary that the Plaintiff prove negligence on the part of the manufacturer.

By being 'unreasonably dangerous' to the user or his property as that term is used herein means that the product was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

■ This leaves the remaining facet of the case for disposition, the Third Party Complaint of Murphy-Phoenix against DuPont wherein Murphy-Phoenix asserts, as previously stated, that if the product was defective and the same was responsible for Plaintiff's accident, that it was due to an ingredient therein furnished by DuPont which went into Murphy-Phoenix's manufacture of the product. On this facet or remaining issue of the case DuPont has moved for Summary Judgment asserting that there are no genuine issues of material facts now present in the case regarding the Third Party Complaint and that DuPont is entitled to Judgment thereon as a matter of law. Murphy-Phoenix opposes the Motion. The Motion has been

1. The Cross-claim was founded on the "lienient exception" to the general rule that there is no contribution among joint tortfeasors. This exception is recognized in Oklahoma and gives a right of indemnity to one only constructively or vicariously liable for an injury against one who caused the injury by primary or active negligence. See Peak Drilling Co. v. Halliburton Oil Well Cement Co., 215 F. 2d 368 (Tenth Cir. 1954); Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109 (Okl.1965); Rose v. Chicago, Rock Island and Pacific Railroad Co., 308 F. Supp. 1357 (W.D.Okl.1970).

briefed by both sides and is now ready for decision.

The Court concludes that DuPont is entitled to Summary Judgment in. its favor on the Third Party Complaint as the factual issues thereof have been adjudicated and under the law the Third Party Complaint must fail as a matter of law. In the jury trial on the Cross-claim Murphy-Phoenix successfully established that the product involved, the Lub-adhesive, was not responsible for the injuries and losses of Plaintiffs. Murphy-Phoenix has not only litigated this issue itself as a party but elected to do so rather than confess the contention of the Cross-claim that the product it made and sold was defective.[2]

In these circumstances, Murphy-Phoenix is estopped from now taking the inconsistent position in this proceeding that the product it manufactured and marketed was defective and responsible for Plaintiff's injuries and losses.

The cases of Anco Mfg. & Supply Company, Inc. v. Swank, 524 P.2d 7 (Okl.1974); Queenan v. Mays, 90 F.2d 525 (Tenth Cir. 1937); and Ham v. Aetna Insurance Company, 283 F.Supp. 153 (N.D.Okl.1968) all utilized the doctrine of . estoppel by judgment. In applying this doctrine herein Murphy-Phoenix may not successfully litigate aganst Grace contending that its product was not defective and responsible for the accident and then seek to litigate against DuPont that its product was defective and responsible for the accident. Murphy-Phoenix wants to take one position to defeat indemnity under the Cross-claim and take the opposite position to fix liability against DuPont un-

der its Third Party Complaint. Under the law Murphy-Phoenix is estopped herein by the judgment on the Cross-claim in its favor from now taking an inconsistent position with reference to its Third Party Complaint.

In *Anco, supra*, an administratrix successfully took the position in a State District Court case that her decedent was *not an .employee* of Anco and then attempted in a proceeding in the State Industrial Court *involving the same incident* to take the position that her decedent *was an employee* of Anco. The Court said:

"In order for claimant to prevail in her Industrial Court case against ANCO, it will be necessary for her to prove that decedent's injuries and resulting death arose out of and in the course of his employment with ANCO. 85 O.S.1971, § 3(7). The proof necessary to support an award in her favor as prescribed by § 3(7), supra, would be totally inconsistent with one of the essential issues adjudicated in the district court case, i. e., at the time decedent sustained his accidental injuries, he was not acting as an employee of ANCO.

Although the doctrine of preclusion against inconsistent positions in judicial proceedings, which is based upon the principle that a litigant should not be permitted, either by passive consent or by affirmative action, to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise [See 59 Harvard Law Review pages 1132–1142 (1945–1946) and Vol. IX Brooklyn Law Re-

2. Had Murphy-Phoenix wanted to preserve its claim against Dupont from collateral estoppel as the adjudication of the Cross-claim could have established that the product was not responsible for Plaintiff's injuries and losses, it could have confessed the assertion of the Cross-claim that the Lub-adhesive was defective and responsible for the accident of the Plaintiff. Or had Grace prevailed in its Cross-claim, the rights of Murphy-Phoenix under its Third Party Complaint would have been intact. But Murphy-Phoenix made the decision and thus took the risk to uphold its product against the Cross-claim and in a jury trial successfully established that the product it manufactured and marketed was not responsible for Plaintiff's injuries and losses. By such decision and election, Murphy-Phoenix did gain by avoiding its indemnity liability to Grace.

view, pages 245–262 (1940) )] might have some relevancy in the case at bar, we frame the issue to be determined thusly:

'May the adjudication in favor of claimant that her deceased husband was not acting as an employee of AN-CO at the time he sustained the accidental injury resulting in his death, which was essential to support claimant's judgment as administratrix, in her district court action against MAP-CO, operate as an estoppel to bar claimant's claim for death benefits against ANCO in the Industrial Court case when ANCO was neither a party nor in privity with any of the parties in the district court action?'

\* \* \* \* \* \*

We hold the adjudication in favor of claimant that her deceased husband was not acting as an employee of AN-CO at the time he sustained the accidental injury resulting in his death, which was essential to support claimant's judgment, as administratrix, in her district court action against MAP-CO, operates as an estoppel and bars claimant's claim for death benefits against ANCO in the Industrial Court case, although ANCO was neither a party nor in privity with any of the parties in the district court action."

In *Ham, supra,* one injured in a cab accident sued the cab company for alleged injuries while a passenger in the cab and lost. He then sued on a policy of insurance which had been issued to him and which called for benefits for total permanent disablement resulting from an injury while in a public conveyance (cab). The Court recognized the doctrine of collateral estoppel or estoppel by judgment as being applicable under Oklahoma law and that if the same accident and injury were involved in both cases the defense of collateral estoppel or estoppel by judgment would prevent Plaintiff's recovery in the latter case as it had been judicially determined in the earlier action in which

Plaintiff was a party that Plaintiff did not receive an injury while in the cab.

Thus, the Court finds no genuine issues of material facts are present regarding the Third Party Complaint of Murphy-Phoenix and concludes that Du-Pont is entitled to Summary Judgment as a matter of law. It is undisputed factually that Murphy-Phoenix successfully defended against the Cross-claim seeking indemnity from it for primary and active negligence on its part in the manufacture of the product, successfully contending and establishing that the product was not responsible for the accident. As a matter of law and under the cases cited herein, Murphy-Phoenix is estopped to now take the inconsistent position that the product was responsible for the accident. Murphy-Phoenix may not defeat indemnity on the basis of a non-defective product and then obtain third party liability on the basis that the product was in fact defective.

■ Murphy-Phoenix has complained in connection with the Motion under consideration about the Court having separated for trial the main action and the Third Party Complaint pursuant to Rule 42(b), Federal Rules of Civil Procedure. The Rule calls for separate trials in furtherance of convenience, to avoid prejudice, or if conducive to expedition and economy. The ordering of separate trials rests in the broad discretion of the Court. Ammesmaki v. Interlake Steamship Company, 342 F.2d 627 (Seventh Cir. 1965); Fidelity & Casualty Company of New York v. Mills, 319 F.2d 63 (Fifth Cir. 1963); Rossano v. Blue Plate Foods, Inc., 314 F.2d 174 (Fifth Cir. 1963), cert. den. 375 U.S. 866, 84 S.Ct. 139, 11 L.Ed.2d 93 (1963).

The Court first ordered a separate trial of the Third Party Complaint as under Oklahoma law the claim in the Third Party Plaintiff had not matured and would not mature until the Third Party Plaintiff had been subjected to a judgment on Plaintiff's claim and had satisfied the same. After the compromise

**86**

settlement, and in view of the Cross-claim, and considering the same a part of the main action, the Court again ordered a separate trial of the Third Party Complaint in its discretion to avoid prejudice to the Third Party Defendant by requiring that the main action be fully litigated as to the point that would be threshold to its liability to the Third Party Plaintiff, namely, whether the product involved was or was not responsible for the accident. Also, separate trials were ordered for purposes of convenience, expedition and economy for if Murphy-Phoenix should be successful against the Cross-claim, as it was, the Third Party Complaint would not be for trial. Moreover, as a jury trial was demanded had the Cross-claim and the Third Party Complaint been tried together on the issues as joined in each, Murphy-Phoenix would have been defending against the Cross-claim of Grace against it with its contention that the product was not defectively manufactured by it and responsible for the accident and then have the responsibility as to its Third Party Complaint against DuPont to prove that the product was defectively made by it and was responsible for the accident and that the ingredient making it so was supplied by DuPont. Such a confusing and inconsistent presentation to a jury would not be conducive to either expedition or economy nor be of convenience to the Court in the management of the trial. As the settlement did not establish that the product involved was in fact defective and responsible for the accident and as the Cross-claim between the original Defendants, deemed by the Court to be a part of the main action, involved this issue which was threshold to the Third Party Complaint, the Court considered it a preferred procedure for this threshold issue to be determined first and then allow Murphy-Phoenix and DuPont to litigate over the fault of DuPont if such product after a full trial was found to be defective and responsible for the acci-

dent. Of course, if a defective product was not responsible for Plaintiff's injuries and losses then neither Murphy-Phoenix nor DuPont would have any liability by reason of said product or any of its ingredients. In these circumstances and in the broad discretion of the Court the order for separate trials was entirely appropriate, under Rule 42(b), Federal Rules of Civil Procedure.

Accordingly, DuPont is entitled to Summary Judgment on the Third Party Complaint dismissing the action contained therein.