**Bobby L. BOWER, and MFA Insurance, Plaintiffs,**

v.

**UNION TEXAS PETROLEUM CORPORATION, Defendant.**

No. CIV–75–0003–T.

United States District Court,
W. D. Oklahoma.

Jan. 13, 1976.

---

78

C. Dale Warner, Tulsa, Okl., for plaintiffs.

Ronald L. Howland and James M. Robinson of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RALPH G. THOMPSON, District Judge.

This is a tort action based on negligence. Recovery is sought for personal injuries resulting from an explosion in a storage tank which occurred while Plaintiff Bobby Bower (Bower) was welding. A major issue in this case is whether, at the time of the explosion and injury, Bower was an employee or an independent contractor. If Bower was an employee, his exclusive remedy is under the Oklahoma Workmen's Compensation Law.[1]

The Defendant contends that, because Bower filed a claim in the Oklahoma Industrial Court against one Alta R. Branen d/b/a Branen Motor Co. (Branen), asserting that he was an employee of Branen and received a final order granting compensation, Bower was, as a matter of law, an employee. The contention is that with this issue established, there remains no issue of material fact for trial. The Defendant seeks a summary judgment[2] and an order dismissing the complaint.

The issue before the Court is whether the Defendant, who was not a party to the Industrial Court action and is therefore not bound by that decision, can claim that the Plaintiff here is precluded or estopped from taking a position opposite to that previously successfully maintained.

█ Although the Industrial Court action was a joint petition, the issue of Bower's status as employee is viewed as having been fully litigated. As the Oklahoma Supreme Court has said many times, the relationship of employer-employee is the first prerequisite to any award under the Workmen's Compensation Law.[3]

In that the effect of a judgment as res judicata appears in at least three aspects[4], it is helpful to use more specific terminology. An apt distinction between merger and bar on the one hand and collateral estoppel

1. 85 O.S. § 1 et seq.

2. Rule 56(b) Federal Rules of Civil Procedure, 28 U.S.C.

3. *Jack Coates Field Service Company v. Patton*, Okl., 415 P.2d 924 (1966), *El Reno Broom Co. v. Roberts*, 138 Okl. 235, 281 P. 273 (1929), and *Hill v. Drumright Lumber Company*, Okl., 327 P.2d 650 (1958).

4. These are: (1) "merger," by which a money judgment for the plaintiff merges his cause of action, so that the original cause of action is terminated and a cause of action on the judgment takes its place; (2) "bar," by which a judgment on the merits for the defendant terminates the original cause of action; and (3) "estoppel," by which a determination as to questions of fact and perhaps of law which are actually litigated in an action and are essential to the judgment is conclusive in subsequent actions in which the same questions arise, even though the cause of action may be different. 31 A.L.R. 3rd 1044 at page 1047. See also 46 Am.Jur.2d, *Judgments* §§ 396 and 397.

on the other has been made by using the term "claim preclusion" as meaning that further litigation on the claim is prohibited, and the term "issue preclusion" as meaning that further litigation on a specific issue is barred.[5] The situation here, however, is that if Bower is precluded from relitigating the issue of his status as employee or independent contractor, he is also precluded from proceeding with his claim. This is so because his status as independent contractor is central to any right he may claim to proceed in tort against the Defendant Union Texas Petroleum Corporation.

The question then clearly becomes, must estoppel be a two-edged sword before it can be used. In 31 A.L.R.3rd 1044, there appears an exhaustive annotation on "Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment". At page 1060 it is pointed out that an estoppel is mutual if both litigants are concluded by the judgment. This is the case where the person taking advantage of the prior judgment would have been bound by it had it gone the other way. As pointed out earlier, that is not the case here. The mutuality requirement is closely related to, and for all practical purposes co-extensive with, the requirement of identity of parties or privity. Prior to *Anco Mfg. and Supply Co., Inc. v. Swank*, Okl., 524 P.2d 7 (1974), this had been the rule in Oklahoma. In the case of *Smittle v. Eberle*, Okl., 353 P.2d 121 (1960), the Supreme Court had stated:

> Before a judgment will operate as an estoppel, there must be an identity of parties, as well as of subject matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with the parties to such former action.

In *Anco,* Naomi P. Tiner, surviving spouse of James D. Tiner, deceased, brought an action in the State Industrial Court against Anco. Mrs. Tiner had previously brought an action against Mid-America Pipeline Company (MAPCO), in Tulsa County District Court. In order to succeed against MAPCO, she had to show that her deceased husband had not been an employee. Being successful in District Court, the Oklahoma Supreme Court held that she could not take the opposite position in an Industrial Court claim against Anco. In *Anco,* the Oklahoma Supreme Court quoted favorably from the previously cited A.L.R. annotation and stated that defensively a judgment is used as a "shield", and offensively as a "sword".[6] It stated that Courts are more inclined to permit the defensive, than the offensive, use of the doctrine of collateral estoppel.[7]

It is now clear that in Oklahoma, a Defendant, not a party to the prior lawsuit, may successfully argue that a Plaintiff who was a party to the prior lawsuit should be precluded from re-litigating an issue which was affirmatively asserted by that Plaintiff in the previous lawsuit, when the Plaintiff was successful in such prior assertion.[8]

The Court now holds that Bower is precluded from asserting that his status is other than that of employee. In that a status other than that of employee is necessary and material to the successful pursuance of the cause of action stated in the Complaint, the Complaint is hereby dismissed.

---

**5.** *Palma v. Powers*, 295 F.Supp. 924 (D.C.Ill. 1969).

**6.** 524 P.2d at 10.

**7.** *Id.* at 11.

**8.** See also *Hopson v. Triplett*, 380 F.Supp. 1169 (E.D.Okl.1974).